**STATE of Missouri ex rel., Barbara Louise WILLIAMS, Appellant,**

v.

**Charles Jerry WILLIAMS, Respondent.**

. **No. WD 33350.**

Missouri Court of Appeals, Western District.

Feb. 8, 1983.

Michael R. Henry, Gen. Counsel Div., Dept. of Social Services, Jefferson City, Zachary Cartwright, Asst. Pros. Atty., California, for appellant.

Clarence W. Hawk, California, for respondent.

Before TURNAGE, P.J., and CLARK and KENNEDY, JJ.

CLARK, Judge.

This is an appeal from an order quashing a writ of garnishment issued in aid of execution upon a judgment rendered September 2, 1975 for payment of child support. That judgment, dissolving the marriage of respondent and Barbara Louise Williams, directed respondent to pay $100.00 per month for the support of three children, the first such payment being due the date of entry of the decree. The order of quashal was based on a finding that due proof was not offered as to the validity of a purported assignment of the child support judgment to the Division of Family Services pursuant to § 208.040.2(2), RSMo 1978 (modified Laws 1982 S.B. 468 and H.B. 1462 not here relevant). Reversed and remanded.

To the extent a record is before this court, it appears the state filed in the circuit court of Moniteau County on June 5, 1978 a notification of assignment of support rights due from Charles J. Williams under the decree dissolving his marriage to Barbara Williams. A form for entry of an order by the court designating the circuit clerk as trustee to receive the payments was provided, but for reasons not explained, the order was not entered. On May 26, 1981, apparently at instigation by the state, an execution on unpaid and accrued installments of the judgment was issued and Williams' employer was summoned as garnishee.

Williams moved to quash the garnishment on the grounds that the prosecuting attorney of Moniteau County had no authority to request execution on a judgment in favor of Barbara Williams, that there had been no valid assignment of the judgment to the state and that no evidence was before the court to demonstrate any indebtedness owed Barbara Williams by Charles Williams.[1] After hearing on the motion, the court ordered on June 15, 1981 that the execution be stayed. Rule 76.25. Four days thereafter, however, the court entered an order designating the circuit clerk trustee for the State of Missouri to receive and account for support payments under the Williams dissolution decree.

The garnishment to Williams' employer was returnable June 24, 1981. On June 30, 1981, interrogatories to the garnishee were filed and served and on July 21, 1981, no answers having been made, the state filed its motion to compel answers and on August 27, 1981, its motion for sanctions. While these proceedings were under way, the state pursued an additional execution returnable August 31, 1981 with a corresponding summons of garnishment to the employer. Interrogatories as to that garnishment were filed and served August 27, 1981. Again no answers were made and a motion to compel was filed.[2] Williams

---

1. There is no record here showing the state of the judgment roll on the order for payment of child support and, thus, no information concerning entries of partial satisfaction. From testimony of Williams that he made no payment on the judgment after March, 1977, it may be assumed the judgment stood unsatisfied, at least after that date. The judgment record therefore demonstrated the unpaid obligation.

2. Motions to quash the garnishment summonses were filed by Williams' employer October 30, 1981, far out of time as respects the interrogatories filed on June 30 and August 27, 1981. The motions alleged insufficiency of service and also alleged that the underlying execu-

again moved to quash the execution on the ground that the state had no entitlement to enforce the judgment. As posed by Williams and as apparently perceived by the trial court, the issue for disposition was whether the state had an assignment of the judgment from Barbara Williams. The state contended there and reaffirms here that the validity of the assignment was not a defense to the execution and was unavailable to Williams where he did not deny the judgment debt.

At the hearing conducted August 18, 1981, the state produced a document, a copy of which is included in the legal file, purporting to be an assignment of support rights executed by Barbara L. Williams, May 22, 1978. The document was not introduced in evidence, but counsel suggest it is from the court's file. The judgment of November 16, 1981 refers to it. The document was used by Williams in giving his own testimony. He expressed it as his opinion that the signature on the assignment was not the handwriting of his former wife. On cross-examination, Williams stated that he had not seen Barbara Williams since mid-year in 1976. He acknowledged he had made no child support payments, at least since February, 1977 and those made before that date had been in cash with no record or receipt obtained.

After finding the facts to be as summarized above, the trial court ordered that both executions and the attendant garnishments be quashed. As grounds therefor, the court concluded the executions could not stand because there was no valid assignment of the judgment to the State of Missouri in the court file, the state did not sustain the burden of proving a valid assignment and, at the time of the first execution, no order had been entered appointing the circuit clerk trustee to receive the payments.

tions had been quashed, although the judgment to that effect was not rendered until November 16, 1981. No evidence was taken and reflected in this record on the issue of service. The sheriff's return on each garnishment shows personal service on Howard Vann but does not

On this appeal, the state contends the trial court erred when it considered, as a basis for quashing the executions, whether adequate proof as to the genuineness of Barbara Williams' signature to the assignment had been adduced. The state argues that the question should not have been reached because Williams lacked standing to challenge the assignment. We agree.

■ In a proceeding to enforce payment of a judgment, one admittedly indebted under the judgment is not entitled to inquire into the form, source or substance of an assignment by which a creditor seeks to enforce payment of the judgment. Except where the assignment was for the benefit of the judgment debtor or was procured with his fund, the debtor cannot question the validity of the assignment. *Argeropoulos v. Kansas City Rys. Co.,* 201 Mo.App. 287, 212 S.W. 369 (1919).

In a remarkable attempt to bring himself within the exception of the last cited case, Williams contends the assignment of the child support judgment by Barbara Williams was for his benefit because he was relieved of child support payments when his former wife obtained state aid. This, he says, gives him standing to question the assignment. While the argument is patently absurd, it could avail him nothing even if seriously considered. The contention is based on an assumption that Barbara Williams did give the assignment in exchange for aid to dependent children, thus resolving against Williams the very point of contest. None of these assertions is either valid or persuasive.

In a further attempt to seek ground upon which he may base an interest in challenging the assignment, Williams asserts a potential hazard of being charged twice with obligation on the same judgment. This follows, he says, because payments made to the state under an invalid assignment would give him no credit were his former wife to demand payment of the judgment.

indicate his capacity with the corporate employer. By reason of the disposition of this appeal, the trial court will necessarily be required to consider the garnishee's motions on their merits.

The legitimate interest of a judgment debtor is to secure of record all proper credits on the judgment, the consequence of which is that the debt may be enforced only once. Where satisfaction of a judgment is by execution, it is the duty of the court clerk to enter upon the margin of the judgment or decree a memorandum of the disposition. Section 511.670, RSMo 1978. Thus, if the payment be by execution, there is no prospect for a duplicate payment claim to be enforceable because the satisfaction of record terminates the obligation. Furthermore, if there is any question as to who is entitled to collect on an unsatisfied judgment, the debtor may protect his rights to a proper satisfaction of record by paying the money into court and thereby shift to the law and the court the responsibility for determining the rights of interested parties to the fund. *Bucknam v. Bucknam,* 347 Mo. 1039, 151 S.W.2d 1097, 1099 (1941).

Here, the question of whether Barbara Williams or the state was entitled to payment on the outstanding support judgment should not have been considered when raised by the judgment debtor who sought thereby, in practical effect, to avoid payment to either. The issue could become viable if raised by Barbara Williams, but would only surface once payment by respondent had been obtained under the executions. At that point, of course, Williams no longer has any stake in the contest.

In a final thrust at the judgment itself, Williams suggests that neither Barbara Williams nor the state has any right to collect child support from him because, by his testimony, he did not know where his former wife and the children were from March, 1977 until September, 1980. This, he contends, deprived him of his visitation rights which, in turn, cause the erring parent to lose rights to collect past due child support.

Even assuming a procedural and factual predicate for this contention, Williams misstates the law. Neither the obligation for payment of support nor the duty to permit visitation are suspended by failure of one of the parties to comply with the terms of the dissolution decree. Section 452.365, RSMo 1978. The remedy is by motion to the court for relief, but retroactive adjustment is not authorized. Section 452.370, RSMo Supp. 1982. The claim raises no question affecting disposition of the executions in this case.

Finding, as we do, that the trial court erred in quashing the executions based on its determination that the state had failed to prove the genuineness of the judgment assignment, it is necessary to consider whether the alternate ground stated, the absence of an order appointing the circuit clerk as trustee, suffices to sustain the order. This point has not been briefed but must be reviewed under our duty to affirm the trial court if any ground supports the decision reached.

The language of § 208.040.5, RSMo 1978 specifies without qualification the non-discretionary function of the court in making the order designating the clerk trustee. The mandatory word "shall" is used with respect to the order. There is no requirement that the state exhibit or prove the assignment, notification to the court that an assignment has been made being itself sufficient to require entry of the order.

In its findings entered in conjunction with the order quashing the execution, the trial court mistakenly concluded that the provisions of § 208.040, RSMo 1978 were not "triggered" until the state presented the assignment bearing a signature purporting to be that of Barbara Williams. The statute, however, invests the state with rights to collect the support once notice of the assignment had been given, in this case, in 1978. No doubt the failure to enter the routine order was an oversight at that time and was corrected when the order was actually entered June 19, 1981 before the return date of the first execution. The absence of an order designating the circuit clerk trustee for the benefit of the state was here no ground to quash the execution, particularly where there was no prejudice shown by the judgment debtor as by payment to the assignor after the assignment was given.

The court erred in deciding that the execution issued before entry of the order was infirm on that account.

As was noted earlier, the order quashing the two executions was deemed by the trial court to render moot the issues raised by the garnishee and the exceptions taken by the state to the garnishee's answers. Because those questions have not been determined on their merits at the trial level, no opinion on the liability of the garnishee is expressed here. Of necessity, however, reversal of the judgment quashing the two executions restores vitality and consequence to those issues. On remand, an appropriate opportunity must be afforded the litigants to present the case as to the garnishee for adjudication.

The judgment quashing the executions issued May 26, 1981 and July 1, 1981 is reversed and the cause is remanded for further proceedings consistent with this opinion.

All concur.