**Donna J. BARKER and Terry Clark Construction Company, Appellants,**

v.

**Shane M. DANNER, Claire LaBrunerie and Walker LaBrunerie, Respondents.**

**No. WD 49814.**

Missouri Court of Appeals, Western District.

Aug. 15, 1995.

Michael Whitsitt, Westwood, KS, for appellant.

Douglas R. Richmond, Kansas City, for respondent.

Before ULRICH, P.J., and LOWENSTEIN and ELLIS, JJ.

ELLIS, Judge.

Plaintiffs, Donna J. Barker (Barker) and Terry Clark Construction Company (Clark), appeal from orders of the circuit court of Clay County, arising from a breach of contract action against Defendants, Shane M. Danner (Danner), Claire LaBrunerie (Claire), and Walker LaBrunerie (LaBrunerie). Specifically, they appeal from an order by Judge David W. Russell sustaining Defendants' Motion for Summary Judgment against Barker and an order by Judge Larry D. Harman granting Defendants' Motion for Judgment on the Pleadings as to Clark.

The facts are set forth in detail since they are necessary to an understanding of the proceedings. On June 6, 1986, Clark Construction Co., Inc.,[1] Shane Danner, and Walker LaBrunerie executed a partnership agreement, forming the Willow Lake Partnership (the "partnership") to construct, own, and operate the Willow Lake Apartment complex. The agreement gave Clark a 50% interest and Danner and LaBrunerie a 25% interest each. That same day, Clark entered into an agreement with the partnership to serve as general contractor for the project. Both the partnership agreement and the construction contract named "Clark Construction Co., Inc." as a party.

On August 28, 1986, an amended partnership agreement was signed by the parties substituting "Terry Clark Construction Company, a Missouri corporation" for "Clark Construction Co., Inc." in the partnership agreement. The same substitution was made in the construction contract. The Amended Partnership Agreement stated that, "the parties were under the mistaken belief as of June 6, 1986 that Clark Construction Company was a validly existing corporation when in fact said entity had not yet been formed, ..."[2] and that thereafter, "on August 21, 1986, Terry Clark Construction Company was validly incorporated as a Missouri corporation." The record shows that the name "Terry Clark Construction Company" was used in subsequent agreements between the partners, but "Clark Construction Co., Inc." was also used, apparently indiscriminately, by the partnership, Defendants and Clark.

On August 29, 1986, Walker LaBrunerie assigned his general partnership interest to Claire LaBrunerie, with the consent of the other general partners. On December 2, 1987, Claire and Danner entered into a written agreement with Clark Construction Co., Inc. to purchase Clark's partnership interest, the purchase price being eighty-five thousand dollars ($85,000.00). In addition to a timetable for payments of the purchase price and various other provisions, the contract stated that: 1) the partnership, at any time on written notice, could replace Clark as general contractor without terminating Clark's obligations under the agreement or releasing it from liability for past performance under the agreement; and 2) Clark would provide a certified corporate resolution authorizing the corporation to complete the sale of its share of the partnership in accordance with the agreement, and an incumbency certificate showing the officers, directors and shareholders having power to authorize the acts of the corporation.

In accordance with the agreement, Clark provided Claire and Danner with a preprinted form titled, "Corporate Certificate of Clark Construction Co., Inc." which was signed and certified by Terry J. Clark (Terry) as Secretary of the corporation. The typed-in portions of the certificate stated that Clark Construction Co., Inc., was a Kansas corporation, that it was authorized to issue one hundred (100) shares of common stock, and that Terry J. Clark was the sole shareholder, director, and officer of the corporation. It also stated that included was a "true copy" of a resolution approved by the Board of Directors of the corporation on December 2, 1987, authorizing the officers of

---

1. There is some dispute over whether Clark Construction Co., Inc., and Terry Clark Construction Company are the same entity. This issue will be discussed later in the opinion. For the sake of simplicity, unless specifically stated otherwise, we will use the name "Clark" interchangeably to refer to either.

2. The parties stated that they had believed Clark Construction Co., Inc., was a corporation formed in Kansas.

the corporation to enter into the agreement, which resolution was typed on the form.

After executing the agreement, Clark assigned identical 25% interests in the Willow Lake Partnership to Claire and Danner, thereby giving each of them a 50% interest in the partnership, and they, in turn, paid Clark the first scheduled payment of five thousand dollars ($5,000.00). Both assignments as well as the agreement itself were signed by Terry J. Clark for Clark Construction Co., Inc., and were notarized, the acknowledgments asserting that Terry was the president of Clark Construction Co, Inc., a Kansas corporation.

In December of 1987, or January of 1988, a group of investors negotiated with Danner and Claire to purchase the partnership. The potential investors calculated that the completion cost of the apartment project would exceed the estimated completion amount shown by Clark in the December 2, 1987 agreement by approximately four hundred eleven thousand dollars ($411,000.00). On February 24, 1988, the partnership wrote a letter addressed to Terry Clark, "Clark Construction Co., Inc.," notifying it that it had been dismissed as general contractor for the project. The letter noted problems with the work done to date by Clark and stated that Clark had failed to adhere to some of the specifications in the construction contract.

On September 8, 1989, Terry J. Clark, individually, filed a *Pro Se* "Petition for Collection of Notes" against Danner in the district court of Johnson County, Kansas. In the unverified petition Terry stated that, "on *December 1 1987*, Clark Construction Co. Inc. assigned the note to Terry J. Clark." (Emphasis added). The petition did not identify the *December 2, 1987* agreement as the "note." However, it did allege that Danner had failed to make the December 31, 1987, payment of fifteen thousand dollars ($15,000.00) and the May 1, 1989, payment of twenty thousand dollars ($20,000.00), which is consistent with the payment dates specified in the agreement. On the other hand, as can be observed, the alleged assignment date was the day *before* execution of the agreement. Service was never obtained on Danner in this lawsuit.

On November 30, 1989, an assignment was made by "Clark Construction Co., Inc., a Missouri Corporation" to Donna J. Barker of Clark's interest and rights to payments under the December 2, 1987 agreement from Claire and Danner. The assignment to Barker, Terry J. Clark's mother, states that it was given for "one dollar and other good and valuable considerations". The record shows that the consideration consisted of loans and/or advances made by Barker to Terry. There is some dispute over whether these loans and advances were made for Terry's individual benefit or also for the benefit of Clark.

Barker filed a Petition for Breach of Contract and Money Damages in the circuit court of Clay County on July 23, 1991, asserting that Claire LaBrunerie and Danner breached the December 2, 1987 agreement, and that, as assignee of Clark, she was entitled to recover eighty thousand dollars ($80,000.00) from them. An amended petition was filed on December 10, 1992, which joined Terry Clark Construction Company as an additional party Plaintiff and added Walker LaBrunerie as an additional Defendant. On April 18, 1994, Defendants filed a Motion for Summary Judgment or, in the Alternative for Partial Summary Judgment against Barker and Clark. They filed a summary judgment motion against Clark only on May 10, 1994. On May 19, 1994, in sustaining the summary judgment motion against Barker, Judge Russell found that no valid assignment had been made to her. The court denied the summary judgment motions against Clark.

The parties agreed before trial to substitute Walker LaBrunerie for Claire LaBrunerie as a defendant, and to dismiss Claire LaBrunerie. A stipulation to this effect was ultimately filed on May 26, 1994. The trial began on May 23, 1994, with Terry Clark Construction Company as the sole plaintiff, and Walker LaBrunerie and Shane Danner as defendants. The court declared a mistrial on May 24, 1994, and reset the case for trial on June 27, 1994. Defendants applied for a change of judge under Rule 51.05 on May 25, 1994, asserting that Judge Russell had prejudged the issues. Judge Russell sustained the application on May 31, 1994, but in doing

so specifically stated that he had not pre-judged the case. The matter was transferred to Judge Larry D. Harman for trial. Plaintiffs filed written objections to the application for change of judge on June 3, 1994.

On June 6, 1994, Defendants filed a Motion for Judgment on the Pleadings stating that Clark, the remaining plaintiff, had never pleaded a claim for relief in that the only cause of action set forth in the petition belonged to Barker, and therefore, Clark lacked standing and was not the real party in interest. Judge Harman heard arguments on the motion on June 27, 1994. Judge Harman stated, "[i]t appears from the amended petition, to this court, that the proper plaintiff is Donna J. Barker." Plaintiffs argued that the court should reinstate Barker's cause of action. However, the court found that it did not have jurisdiction under Rule 75.01[3] to reopen Judge Russell's summary judgment because thirty days had passed from the entry of that judgment. The court sustained the Motion for Judgment on the Pleadings as to Clark, and entered judgment in favor of Defendants.

On July 1, 1994, Plaintiffs filed a Motion for Orders Setting Aside Judgments, for Reconsideration, and Notice of Hearing, asking the court, under Rule 74.01(b)[4], to set aside the judgment on the pleadings of June 27, 1994, and the summary judgment against Barker of May 19, 1994. The court denied the motion on July 18, 1994, without stating any reasons. Plaintiffs made an oral motion on July 6, 1994, and filed a written Motion for Leave to File Second Amended Petition and Notice of Hearing on July 21, 1994. The court did not rule on these motions. Plaintiffs filed their Notice of Appeal on August 1, 1994.

Barker and Clark raise five points on appeal. First, they contend the trial court erred in granting summary judgment against Barker on the ground that the assignment from Clark to Barker was invalid. Defendants counter by pointing out that in reviewing a grant of summary judgment, the appellate court will affirm if the judgment is sustainable on any theory, even if the trial court reached the correct result for the wrong reasons, citing *Chase Resorts, Inc. v. Safety Mut. Casualty Corp.*, 869 S.W.2d 145, 148 (Mo.App.1993), and *Ernst v. Ford Motor Co.*, 813 S.W.2d 910, 915 (Mo.App.1991), and then arguing that the grant of summary judgment is sustainable on any one of several theories.

"Summary judgment is designed to permit the trial court to enter judgment, without delay, where the moving party has demonstrated, on the basis of facts as to which there is no genuine dispute, a right to judgment as a matter of law." *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The propriety of summary judgment is purely an issue of law which we review de novo on the record submitted and the law. *Id.*

When reviewing the entry of summary judgment, we view the evidentiary record in the light most favorable to the party against whom summary judgment was granted, determine if any genuine issue of fact exists which would require a trial, and determine if the judgment is correct as a matter of law. We will affirm if the judgment is sustainable as a matter of law under any theory. *State ex rel. Conway v. Villa*, 847 S.W.2d 881, 886 (Mo.App.1993); Rule 74.04(c). A genuine issue of fact exists where the record contains competent evidence that two plausible but contradictory accounts of essential facts exist. *ITT Commercial Fin. Corp.*, 854 S.W.2d at 382.

In moving for summary judgment, Defendants contended that the assignment to Don-

---

**3.** Rule 75.01 states in part, "[t]he trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time."

**4.** Rule 74.01(b) states in part:
In the absence of such determination [that there is no just reason for delay], any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

na J. Barker was invalid. Defendants argued that the assignment was made by "Clark Construction Co., Inc.," and that such entity had no right to or interest in the proceeds of the December 2, 1987 agreement. They further asserted the assignment was invalid because it lacked consideration and/or was fraudulently made. The trial court sustained the motion on the express ground that the assignment was invalid.

■ Defendants argued, in the court below, and on this appeal, that Barker had no interest in the agreement because her assignor had no interest or rights to assign. The only rights or interests an assignee acquires are those that the assignor had at the time the assignment was made. *Carlund Corp. v. Crown Ctr. Redevelopment,* 849 S.W.2d 647, 650 (Mo.App.1993). In support of their position, Defendants rely first on the unverified allegations contained in the Johnson County, Kansas suit filed by Terry J. Clark individually against Danner. In his *Pro Se* petition, it was alleged that "on December 1, 1987, Clark Construction Co., Inc. assigned the note to Terry J. Clark." Based on this bare assertion, they claim Clark Construction Co., Inc. had no interest in the December 2, 1987 agreement as of the date of the assignment to Barker on November 30, 1989. The argument is without merit. First, Terry J. Clark, individually, was the plaintiff in that action, not Terry Clark Construction Company or Clark Construction Co., Inc. Terry J. Clark is not a party to the present action, nor is there any other evidence in the record suggesting an assignment to Terry J. Clark. Second, the petition's allegations were unverified. Third, the allegations referred to a "note," not the agreement entered into by the various parties. And, finally, the petition alleged that the assignment to Clark occurred on *December 1, 1987.* The agreement in question was not entered into until *December 2, 1987.* Thus, the allegations of the petition do not conclusively establish that the assignment to Barker was invalid.

■ Defendants also asserted in the trial court that the assignment was invalid for lack of consideration. Barker and Clark contend Defendants lack standing to raise the issue. Consideration between the assignee and assignor is necessary to support an assignment, but a non-party to the assignment may not claim lack of consideration.

> As between the assignee and the debtor, or the obligor in the chose assigned, the rule is sometimes broadly stated to be that the subject of consideration, or want thereof, is not open to the latter, his obligation being to pay, and it being immaterial to him whether or not the party to whom he is compelled to pay gave value for the obligation, the only interest of the obligor being that he shall be required to pay his debt to but one person.

6A C.J.S. *Assignments* § 60 (1975), p. 687. Defendants do not have standing to raise the defense of lack of consideration for the assignment since they were not parties to the assignment and were not prejudiced by the assignment. The general rule of law on this issue is clear. "The validity of an assignment of a debt cannot be questioned by the debtor in a suit by the assignee unless he can show prejudice." 6A C.J.S. *Assignments* § 71 (1975), p. 708. *See also, Zurich Insurance Co. v. Grain Dealers Mutual Insurance Co.,* 169 So.2d 6 (La.1964). Missouri follows the general rule. In *State ex rel. Williams v. Williams,* 647 S.W.2d 590 (Mo.App.1983), this court stated: "Except where the assignment was for the benefit of the judgment debtor or was procured with his fund, the debtor cannot question the validity of the assignment." *Id.* at 592. There being no indication of prejudice to Defendants, their arguments regarding lack of consideration need not be considered.

■ Defendants' final contention in their motion for summary judgment was that the assignment was fraudulently made. Fraudulent transfers are conveyances of goods or chattels which are made with the intent to hinder, delay or defraud creditors. *Lindell Trust Co. v. Commonwealth Land Title Ins. Co.,* 611 S.W.2d 283, 286 (Mo.App.1980). Defendants made no claim against Plaintiffs for money and did not claim to be creditors who could have been defrauded by the assignment. As such, and for essentially the same reasons they lack standing to claim the assignment was unsupported by consideration,

they lack standing to contend the assignment was fraudulently made.

As noted previously, in reviewing the grant of summary judgment, we will affirm if the judgment is sustainable under any theory. *State ex rel. Conway v. Villa,* 847 S.W.2d 881, 886 (Mo.App.1993). Therefore, we will address Defendants' additional arguments on this issue, although they were not presented to the trial court. First, Defendants claim summary judgment could have been granted on the grounds that Barker was not a real party in interest. Defendants assert that Clark's allegation in the Johnson County, Kansas suit against Danner that the "note" had been assigned to him demonstrates that Barker had no substantive basis for her suit, and therefore was not a real party in interest. This is nothing but a rehash of their previous argument that Barker received nothing by virtue of the assignment, and is meritless.

■ Finally, Defendants claim that the assignment was patently insufficient in that there is no evidence that Barker acknowledged receipt of the assignment or intended or requested the assignment. This argument is unpersuasive. An assignment is accomplished when there, "appears from the circumstances an intention on the one side to assign in praesenti and on the other side to receive." *Farmers Ins. Co. v. Effertz,* 795 S.W.2d 424, 425 (Mo.App.1990) (citing *Miller v. Heisler,* 187 S.W.2d 485, 488 (Mo.App. 1945)). The fact that Barker filed the underlying lawsuit indicates her acceptance of the assignment. Acceptance of an assignment may be either actual or constructive and may be shown by the actions or conduct of the assignee. 6A C.J.S. *Assignments* § 63 (1975), p. 691. Moreover, this is merely another attempt by Defendants to question the validity of the assignment to Barker, something we have already determined they cannot do. *State ex rel. Williams,* 647 S.W.2d at 592.

■ We conclude that the trial court's grant of Defendant's summary judgment motion as to Barker is not sustainable under any theory. Clark Construction Co., Inc. was a named party to the agreement of December 2, 1987, as were Willow Lake Partnership, LaBrunerie and Danner. The agreement provided that LaBrunerie and Danner would make specified payments to Clark Construction Co., Inc. Clark Construction Co., Inc. assigned its interest in the agreement to Barker on November 30, 1989. Barker's action is based on that assignment. There is clearly a factual dispute regarding the existence and/or use of the names "Clark Construction Co., Inc." and "Terry Clark Construction Company." The record reveals that the parties used the names interchangeably, even after having made an attempt to clarify which should be used. The original partnership agreement and construction contract used the name "Clark Construction Co., Inc." These documents were subsequently amended to designate "Terry Clark Construction Company" as the proper party. Both names were subsequently used by the Defendants, the partnership, and Clark. In particular, however, the December 2, 1987 agreement which is the subject of the litigation used the name "Clark Construction Co., Inc.," and the subsequent assignment to Barker used that name as well. Under these circumstances, and viewing the record in the light most favorable to Barker, we cannot say that Defendants demonstrated an undisputed right to judgment as a matter of law. Therefore, the grant of summary judgment against Barker is reversed.

■ In their second point on appeal, Barker and Clark claim that the trial court erred in sustaining the Application for Change of Judge because it was not timely filed and such application must be timely to be granted without showing cause. We may deal with this contention summarily. Just as a litigant is not entitled to any particular jurors, a party is not entitled to a particular judge. *Rowe v. Moss,* 656 S.W.2d 318, 322 (Mo.App.1983).

> Even when a party is not entitled to a change of judge, if a judge at the suggestion of that party, or on his own motion disqualifies himself, there is no reversible error. *See State v. Euell,* 583 S.W.2d 173, 174 (Mo. banc 1979). Apparently this is because no prejudice can be shown. An appellate court does not reverse a judgment unless error was committed by the

trial court against the appellant materially affecting the merits of the action.

*Id.* Barker and Clark cannot show prejudice resulting from the disqualification. Point denied.

▮ In their third point on appeal Plaintiffs claim that the trial court's denial of their motions to reinstate Barker as plaintiff was an abuse of discretion. Having determined earlier that summary judgment as to Barker should not have been granted, we need not address this issue. They contend in their fourth point that having found the assignment to Barker invalid and refusing to reinstate Barker, the court erred in refusing to give Plaintiffs an opportunity to amend their pleadings. This point is addressed in conjunction with their fifth point. In that point, Barker and Clark contend that the trial court erred in granting Defendants' Motion for Judgment on the Pleadings as to Clark. They argue that the amended petition stated a valid claim for Clark in that the petition contained all factual allegations that were necessary to the contract claim, the same cause of action was asserted by both plaintiffs, and, in the absence of Barker due to the court's finding of invalidity of the assignment, the cause of action automatically reverted to Clark.

The standard of review for judgments on the pleadings is set forth in *Angelo v. City of Hazelwood,* 810 S.W.2d 706, 707 (Mo.App. 1991):

> The party moving for judgment on the pleadings admits, for purposes of the motion, the truth of all well pleaded facts in the opposing party's pleadings. *Madison Block Pharmacy v. U.S. Fidelity,* 620 S.W.2d 343, 345 (Mo. banc 1981). "The position of a party moving for judgment on the pleadings is similar to that of a movant on a motion to dismiss, i.e., assuming the facts pleaded by the opposite party to be true, these facts are nevertheless insufficient as a matter of law." *Id.* (quoting *Cantor v. Union Mutual Life Insurance Company,* 547 S.W.2d 220, 224 (Mo.App. 1977)). A motion for judgment on the pleadings should not be sustained where a material issue of fact exists. *Madison Block,* 620 S.W.2d at 345. A motion for

judgment on the pleadings should be sustained if, from the face of the pleadings, the moving party is entitled to judgment as a matter of law. *Id.*

Defendants' motion for judgment on the pleadings as to Clark alleged that the petition failed to state a claim upon which relief could be granted because it did not allege capacity to bring the action, but more importantly, because Clark lacked standing and was not the real party in interest. From a review of the transcript of the hearing on the motion, it is clear that Judge Harman believed that Clark lacked standing because of the allegation of the assignment of the agreement to Barker. It was Judge Harman's view that summary judgment should not have been granted against Barker, and that he should reinstate her as a party plaintiff, but that he lacked the means to legally do so. Thus, in granting the judgment on the pleadings as to Clark, he implicitly did so on the basis of Defendants' contention that Clark lacked standing because of the assignment to Barker.

These circumstances bring the case squarely within the ambit of *Western Casualty & Sur. Co. v. Kansas City Bank & Trust Co.,* 743 S.W.2d 578 (Mo.App.1988). In that case, the bank had filed a motion for summary judgment. The trial court granted summary judgment as to two counts of the petition. On appeal, this court found that the trial court's action was based on the argument that Western lacked standing to bring an action under the fraudulent conveyance statute. In deciding the case, the court noted that standing relates to a party's interest in the subject of the suit so as to give the party a right to relief. *Id.* at 580. It then observed that "[i]f a party is found to lack standing sufficient to maintain the action and therefore has no right to relief, the court necessarily does not have jurisdiction of the question presented and may not enter a judgment on that question for or against any of the parties." *Id.* Since Western lacked standing, its petition was subject to dismissal for failure to establish requisite subject matter jurisdiction, but, as a result, the trial court could not enter a judgment on the merits. Therefore, the trial court's judgment

was not one for summary judgment, but rather a dismissal because Western had not demonstrated a justiciable interest in the claim it asserted. *Id.* at 581. This conclusion, the court noted, was important because it had a bearing on whether the trial court abused its discretion in refusing leave to file an amended petition. It then observed that leave should be freely granted to amend a petition, and that amendment is "necessarily conditioned upon a finding that the pleading alterations at least facially cure the defects which led to the prior dismissal." *Id.* It went on to find that Western's proposed third amended petition did so.

Having concluded that Western's third amended petition stated a cause of action, the court evaluated whether the trial court had abused its discretion in refusing to grant leave to amend.

> The most frequent reasons for denying leave to amend is that the opposing party will be prejudiced. Factors the court should consider in making its decision whether to allow an amendment are: hardship to the moving party if leave to amend is denied, the reasons for the moving party's failure to include the new matter in the earlier pleading and the injustice resulting to the party opposing the motion should it be granted. Other considerations are the timeliness of the application, the record of the case as to plaintiff's prior attempts to state a claim for relief, and whether the plaintiff by amendment could cure the inadequacy of its petition. (Citations omitted).

*Id.* at 582. The court then found that a "final disposition of a case is premature where it appears that the plaintiff might amend its petition to effectively state a claim and leave to so amend has been requested," *Id.*, and therefore the trial court erred in denying Western leave to amend.

In the case at bar, the trial court granted judgment on the pleadings against Clark based on a lack of standing because of the assignment to Barker. However, as in *Western Casualty & Sur. Co.*, it lacked subject matter jurisdiction to enter judgment against Clark, and therefore its order was, in actuality, a dismissal of the petition. Clark prompt-

ly filed a motion to reconsider and set aside the dismissal, and a motion for leave to file a second amended petition. The motions were denied. Clark's proposed second amended petition was in two counts. In Count II, it alleged that Defendants' claimed the assignment was invalid, and in the event it were, then Clark was entitled to enforce the agreement of December 2, 1987. Counts I and II otherwise allege breach of contract and pray for money damages. Thus, the second amended petition Clark desired to file facially cured the defects which led to the prior dismissal.

In this case, there is no demonstrated prejudice to Defendants' which would occur if leave to file the amended petition were granted. Indeed, it is only by virtue of inconsistent positions taken by Defendants that the case is in its present posture. As noted by Judge Harman in discussing his desire to reinstate Barker as a party:

> The defendants (sic) motion for summary judgment on the pleadings indicates that the proper plaintiff should be Donna J. Barker.... The defendants moved to have Donna J. Barker removed from the case by way of summary judgment, ... That is an inconsistent position taken by the defendant (sic) in that they moved to have her removed as a proper plaintiff, but now states (sic) if there is a proper plaintiff it is Donna J. Barker.

Judge Harman then went on to say:

> It seems to me the most economical thing is to adopt ... The defendant's (sic) position that Donna Barker is the plaintiff and they got her out to begin with, that I ought to be allowed to [reinstate her]. But, I don't see where the rules or the statutes give me that authority. And, therefore, the cleanest way that I can see to get those issues resolved is to allow the court of appeals to decide whether or not the partial summary judgment entered by Judge Russell was proper.

Moreover, the record further reveals that it was understood by all parties that the disposition being made of the case was to enable this court to decide the issues. Based on the

unusual circumstances of this case, we find that the trial court erred in denying Plaintiffs' motion for leave to file their amended petition.

The trial court's order granting summary judgment against Donna J. Barker is reversed, as is the order denominated as a judgment on the pleadings as to Terry Clark Construction Company, and the case is remanded for further proceedings.

All concur.