**Monica DEUSCHLE, Appellant,**

v.

**Jason Lee JOBE, Respondent.**

No. WD 58074.

Missouri Court of Appeals,
Western District.

Oct. 31, 2000.

Daniel J. Pingelton, Columbia, for appellant.

Samantha A. Harris, Columbia, for respondent.

Before LOWENSTEIN, P.J., LAURA DENVIR STITH, and NEWTON, JJ.

THOMAS H. NEWTON, Judge.

Monica Deuschle filed a claim against Jason Lee Jobe for tortiously infecting her with herpes and genital warts. Mr. Jobe filed a motion for judgment on the pleadings, and the trial court sustained it. Ms. Deuschle appeals the judgment of the trial court. The judgment is reversed and the cause remanded to the trial court with direction to reinstate Ms. Deuschle's petition consistent with this opinion.

### Factual and Procedural Background

Monica Deuschle filed a claim against Jason Lee Jobe alleging that he infected her with herpes and genital warts. Mr. Jobe and Ms. Deuschle began having a sexual relationship in 1998, and shortly thereafter she discovered that she had acquired genital warts and the herpes virus. Ms. Deuschle alleges that prior to their sexual relationship, Mr. Jobe was aware that he was infected with the herpes virus and the virus for genital warts. Despite this knowledge, Mr. Jobe did not inform Ms. Deuschle of his condition. Furthermore, he did not utilize any special precautions when having sexual relations with Ms. Deuschle. Ms. Deuschle claims that as a direct and proximate cause of Mr. Jobe's actions, she acquired herpes and genital warts. She asserts that these diseases have caused her significant physical pain and suffering. She suffers from painful and traumatic out-breaks that have left her virtually disabled for extended periods of time. She has incurred significant medical expenses treating these diseases, including physician fees, psychological and therapy fees, medication costs, and other related expenses. She asserts that these diseases are treatable but not curable, and Ms. Deuschle will have to remain on prescription medication for the rest of her life.

Ms. Deuschle also alleges that Mr. Jobe's conduct has caused her severe psychological and emotional trauma. She is now at risk for cervical cancer and will never have a normal sexual relationship

with another person. If she chooses to bear children, her children will also be at risk of contracting a disease, and her pregnancy will be complicated and dangerous.

Moreover, Ms. Deuschle requests actual damages to compensate her for past, present, and future medical and health-related expenses. She is also seeking damages for her physical, mental, and emotional pain and suffering. Finally, she claims that Mr. Jobe's conduct was outrageous and seeks punitive damages.

The petition was dismissed by the Honorable Clifford Eugene Hamilton, Jr. in Boone County Circuit Court for failure to state a claim. Ms. Deuschle appeals.

In Ms. Deuschle's sole point on appeal, she argues that reckless infection of a sexually transmitted disease is a recognized cause of action in Missouri when a person knows he is infected with a serious, life-long contagious sexually transmitted disease; knows he is likely to infect his sexual partner without taking precautionary measures; fails to disclose his contagion to his sexual partner, fails to take any precautionary measures; and, as a direct result, infects another person with the disease. In the alternative, Ms. Deuschle asks this court to recognize such a claim if one does not currently exist.

## Standard of Review

When reviewing a dismissal based on a motion for judgment on the pleadings, we review the allegations in the petition and determine if the facts pleaded are insufficient as a matter of law.[1] For purposes of the motion, the party filing the motion accepts as true all facts pleaded.[2] "The position of a party moving for judg-

ment on the pleadings is similar to that of a movant on a motion to dismiss, i.e., assuming the facts pleaded by the opposite party to be true, these facts are nevertheless insufficient as a matter of law."[3] Therefore, a trial court properly grants a motion for judgment on the pleadings when the moving party can show that on the face of the pleadings, it is entitled to a judgment as a matter of law.[4]

## Legal Analysis

Ms. Deuschle contends that Missouri recognizes a cause of action for reckless infection of a sexually transmitted disease. She alleges that her sexual partner, Mr. Jobe, infected her with herpes and genital warts. Ms. Deuschle claims Mr. Jobe knew he was infected with the diseases at the time he had sexual relations with her, and he failed to disclose his condition.

There is no statutory basis for this cause of action. But since 1986, Missouri common law has recognized a cause of action for negligently transmitting herpes.[5] In *S.A.V.* the plaintiff, wife, contracted herpes from the respondent, husband, and the plaintiff filed a petition alleging that respondent willfully, recklessly, and negligently transmitted the disease to plaintiff without informing her of his infection. On the same day, our Supreme Court noted that it had removed the bar on interspousal suits for intentional torts in *Townsend v. Townsend,*[6] and *S.A.V* addressed the issue of whether to also abolish the interspousal immunity doctrine in regard to the allegations of negligent transmission of herpes. The Court stated that the doctrine is no longer a bar to negligence actions and remanded the cause for reinstatement of

---

**1.** *Barker v. Danner,* 903 S.W.2d 950, 957 (Mo. App. W.D.1995) (citations omitted).

**2.** *Id.* (citations omitted).

**3.** *Madison Block Pharmacy v. U.S. Fidelity,* 620 S.W.2d 343, 345 (Mo. banc 1981) (quoting *Cantor v. Union Mutual Life Insurance Company,* 547 S.W.2d 220, 224 (Mo.App. E.D. 1977)).

**4.** *Id.*

**5.** *S.A.V. v. K.G.V.,* 708 S.W.2d 651 (Mo. banc 1986).

**6.** 708 S.W.2d 646 (Mo. banc 1986). *S.A.V.* and *Townsend* were both handed down on April 15, 1986.

plaintiff's petition alleging willful, reckless, and negligent transmission of herpes.[7] Implicitly *S.A.V.* also recognized the right to sue for the intentional tort through its reference to *Townsend* as having removed the bar to such actions.

In 1998, the Eastern District was faced with a similar issue.[8] A wife sued her husband for infecting her with an incurable sexually transmittable disease.[9] She alleged that he knew he carried the disease and did not tell her of his condition.[10] The court acknowledged that "the *S.A.V.* court recognized a separate tort claim."[11] The Eastern District went on to say that "a wife can sue her husband for giving her herpes."[12]

In our case, the parties are unmarried. However, we find no justification for excluding an unmarried individual from bringing suit against her sexual partner for transmitting herpes under general tort law. In *Kathleen K.*, the California court noted that "a certain amount of trust and confidence exists in any intimate relationship, at least to the extent that one sexual partner represents to the other that he or she is free from venereal or other dangerous contagious disease."[13] We agree. The issue in *S.A.V.* was whether married parties were barred from bringing a suit for herpes for which they otherwise had stated a claim, precisely because they were married. The Court held that marriage was not a bar to the lawsuit. Further, it

did not make marriage a prerequisite to a lawsuit.

Here, Ms. Deuschle alleged both intentional and negligent transmission of the disease. In Missouri, it has long been established that the elements of a negligence action are "(1) [a] legal duty on the part of the defendant to conform to a certain standard of conduct to protect others against unreasonable risks; (2) a breach of that duty; (3) a proximate cause between the conduct and the resulting injury; and (4) actual damages to the claimant's person or property."[14]

■ Duty is the only element of negligence that is determined as a matter of law.[15] Although there are drug treatments that help control the herpes virus and relieve the symptoms, herpes is incurable. Herpes affects the mouth, nose, and genital areas; and infection is caused by direct contact with the virus through oral-oral contact, genital-genital contact, or oral-genital contact.[16] Missouri courts have long recognized the importance of preserving public health and welfare by creating legal duties, which help prevent the spread of dangerous, communicable diseases.[17]

■ In furtherance of this objective, we hold that one has a legal duty to exercise reasonable care by disclosing a contagious venereal disease before entering into

---

7. *S.A.V.*, 708 S.W.2d at 652.

8. *State ex rel. M.D.K. v. Dolan*, 968 S.W.2d 740 (Mo.App. E.D.1998).

9. *Id.* at 742.

10. *Id.*

11. *Id.* at 745.

12. *Id.*

13. *Kathleen K. v. Robert B.*, 150 Cal.App.3d 992, 198 Cal.Rptr. 273, 276–77 (1984) (respondent contended that married persons share a confidential relationship whereas unmarried persons do not); *see also Hogan v. Tavzel*, 660 So.2d 350 (Fla.Dist.Ct.App.1995).

14. *Hoover's Dairy, Inc. v. Mid–America Dairymen, Inc./Special Prod., Inc.*, 700 S.W.2d 426, 431 (Mo. banc 1985) (citations omitted).

15. *Kuhn v. Budget Rent–A–Car of Mo., Inc.*, 876 S.W.2d 668, 673 (Mo.App. W.D.1994) (citations omitted).

16. American Social Health Ass'n, National Herpes Resource, *Finding Answers and Support for Herpes* (2000), at *http://www.ash-astd.org/herpes/hrc/educate.html*.

17. *See McGuire v. Amyx*, 317 Mo. 1061, 297 S.W. 968, 972 (1927).

sexual relations with another. Several other jurisdictions that recognize this cause of action support this proposition.[18] In an action for negligent transmission of a venereal disease, a person is liable if he knew or should have known that he was infected with a disease and failed to disclose or warn his sexual partner about this unreasonable risk of harm before engaging in a sexual relationship.

 In order to establish whether or not this duty has been breached, we must determine if the foreseeability of actual harm exists. "It is generally stated that foreseeability that some injury might result from the act complained of normally serves as the paramount factor in determining the existence of a duty."[19] "When deciding if some injury was reasonably foreseeable, whether expressly or implicitly, courts examine what the actor knew or should have known."[20] "The duty arises from circumstances in which there is a foreseeable likelihood that particular acts or omissions will cause harm or injury."[21] The standard for foreseeability is measured by "whether or not a reasonably prudent person would have anticipated danger and provided against it."[22]

 When a disease such as herpes is almost exclusively spread through sexual contact, it is foreseeable that one's sexual partner is susceptible to the contagion if the infected partner is aware he has the disease or suffers from symptoms of the disease. "[O]ne who knows, or should know, that he or she is infected with genital herpes is under a duty to either abstain from sexual contact with others or, at least, to warn others of the infection prior to having contact with them."[23]

 Ms. Deuschle also alleges in the petition that Mr. Jobe's actions were the direct and proximate cause of her medical conditions. This statement in the petition is sufficient to satisfy the pleading requirement for the causation element.

Finally, Ms. Deuschle must show that she suffered actual harm from Mr. Jobe's conduct. Her petition alleges that she has suffered emotional harm, and pain from continuing medical treatment. As with any incurable sexually transmitted disease, once infected we infer that actual harm exists. Hence, a negligence action has been sufficiently pled by Ms. Deuschle in the petition.

As noted previously, the petition in some respects sounds like an intentional tort claim in alleging that Mr. Jobe knowingly failed to tell her of his disease, and knowing she was likely to become infected, that he intended injury, and that his conduct was outrageous. It is unclear exactly what intentional tort she is attempting to plead. *S.A.V.* and its progeny support the assertion of an intentional tort claim on appropriate facts regarding sexually transmitted diseases. We direct the trial court to allow her to amend the petition to allege a specific intentional tort.

### Conclusion

The judgment is reversed and the cause remanded to the trial court with direction

---

**18.** *See Berner v. Caldwell,* 543 So.2d 686, 688–89 (Ala.1989), *overruled on other grounds by Tucker v. Gen. Motors Corp.,* 769 So.2d 903 (Ala. 1999); *B.N. v. K.K.,* 312 Md. 135, 538 A.2d 1175, 1178–79 (1988); *R.A.P. v. B.J.P.,* 428 N.W.2d 103, 107–8 (Minn.App.1988); *Doe v. Roe,* 218 Cal.App.3d 1538, 267 Cal. Rptr. 564, 567 (1990).

**19.** *Kuhn,* 876 S.W.2d at 672 (*quoting Bostic by Bostic v. Bill Dillard Shows, Inc.,* 828 S.W.2d 922, 926–27 (Mo.App. W.D.1992)).

**20.** *Id.* (*quoting Bostic,* 828 S.W.2d at 927).

**21.** *Id.* (*quoting Gast v. Shell Oil Co.,* 819 S.W.2d 367, 376 (Mo. banc 1991)).

**22.** *Id.* (*quoting Hoover's Dairy,* 700 S.W.2d at 431).

**23.** *Berner,* 543 So.2d at 689.

to reinstate Ms. Deuschle's petition consistent with this opinion.

LOWENSTEIN and LAURA DENVIR STITH, JJ., concur.