This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40919**

**GUERA PROPERTIES, LLC,**

      Plaintiff-Appellant,

v.

**1776 PROPERTIES, LLC,**

      Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Victor S. Lopez, District Court Judge**

Ferrance Law, P.C.
David A. Ferrance
Albuquerque, NM

for Appellant

Marrs Griebel Law, Ltd
Clinton W. Marrs
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

**{1}** Guera Properties, LLC (Guera) appeals the district court's grant of summary judgment in favor of 1776 Properties LLC (1776) arising from the parties' competing petitions to redeem certain real property. Guera contends that the district court erred by (1) determining that the assignment of the right of redemption to 1776 was valid, (2) applying the "first-in-time" rule to the competing petitions filed in the case, and (3) resolving disputed questions of material fact in favor of 1776. Because we conclude that

the assignment of the right of redemption to 1776 was invalid, we reverse the district court's order.

## BACKGROUND

{2}     In 2016, Dianah Rowland was appointed personal representative of the estate of Lee Rowland, the owner of real property located at 6605 Cueva Escondida NW, Albuquerque, New Mexico (the Property). Several months later, Ditech Financial LLC (Ditech) brought an action to foreclose the mortgage on the Property. Rowland executed a document titled, "Sale of Redemption Rights" (2017 Assignment), purporting to assign the estate's redemption right to 1776. The document stated in pertinent part:

> For valuable consideration of $2,500.00 payable 10 days after the redemption of 6605 Cueva Escondida N.W. Abq, NM 87120 Dianah Rowland, The Personal Representative of the Estate of Lee J. Rowland[] transfers and assigns his/her rights of redemption on the above described property pursuant to the terms of the mortgage to 1776 Properties, LLC.

Rowland was not paid at the time of the assignment, and has yet to be paid by 1776. The foreclosure action was subsequently dismissed.

{3}     In 2018, Ditech filed a new foreclosure action. The district court entered a foreclosure decree in 2021. Before the Property was auctioned, Rowland executed three documents: the first, attempting to rescind the 2017 Assignment to 1776; the second, assigning the estate's right of redemption to Guera (2021 Assignment); and lastly, granting Guera all of Rowland's rights, title, and interests in the Property.

{4}     In 2021, Javier Pavia purchased the Property at the foreclosure sale subject to a one month right of redemption. After the district court's approval of the sale of the Property, 1776 timely filed its petition for redemption and deposited redemption funds into the court's registry. Guera filed its own petition for redemption and deposited the redemption funds into the court's registry. Guera filed for summary judgment, seeking confirmation of its redemption by claiming the 2017 Assignment to 1776 was unenforceable. The district court denied Guera's motion and found that the 2017 Assignment to 1776 was valid, enforceable, and first in priority. Arguing it was entitled to redeem the Property because it was the first party with a valid right of redemption, 1776 filed its motion for summary judgment. The district court granted 1776's motion for summary judgment. Guera appeals.

## DISCUSSION

{5}     On appeal, Guera argues that the district court erred by determining that the 2017 Assignment to 1776 was valid. Specifically, Guerra contends that 1776's promise to pay Rowland $2,500 upon successful redemption of the Property was illusory and therefore the 2017 Assignment was invalid for lack of consideration. In response, 1776 argues that Guera lacks standing to challenge the validity of the 2017 Assignment on

consideration grounds and that its promise to pay Rowland after successfully redeeming the Property is adequate consideration because it is lawful, definite, and possible. We conclude that the district court erred in granting summary judgment in favor of 1776 because the 2017 Assignment lacked consideration.

**STANDARD OF REVIEW**

{6}     "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Phoenix Funding, LLC v. Aurora Loan Servs., LLC*, 2017-NMSC-010, ¶ 17, 390 P.3d 174 (internal quotation marks and citation omitted). We review these issues of law de novo. *Bank of N.Y. Mellon v. Lopes*, 2014-NMCA-097, ¶ 6, 336 P.3d 443. Because the facts pertinent to the issue of whether the 2017 Assignment was supported by consideration are undisputed, we turn to the legal arguments asserted by the parties.

**I.     Guera Has Standing**

{7}     The argument raised by 1776 on this issue is that Guera lacks standing to challenge the validity of the Assignment on consideration grounds because Guera was not a party to the assignment.[1] We disagree.

{8}     "Standing" is "[a] party's right to make a legal claim or seek judicial enforcement of a duty or right," *Standing*, *Black's Law Dictionary* (11th ed. 2019), and "the claimant must have a personal stake in the outcome of a case" to demonstrate standing. *Doña Ana Cnty. Clerk v. Martinez*, 2005-NMSC-037, ¶ 13, 138 N.M. 575, 124 P.3d 210 (alterations, internal quotation marks, and citation omitted). "[T]here is no significant difference between having standing to sue and having a cause of action under [a statute]." *Gandydancer, LLC v. Rock House CGM, LLC*, 2019-NMSC-021, ¶ 8, 453 P.3d 434. To have a statutory cause of action, "[a] plaintiff must demonstrate that the interest sought to be protected by the complainant is arguably within the zone of interests to be protected or regulated by the statute." *Id.* Guera filed its petition to redeem the Property, pursuant to NMSA 1978, Section 39-5-18 (2007) (the redemption statute). Thus, to determine if Guera had standing to sue in this case we must determine whether Guera's interest in redeeming the Property is protected or regulated by the redemption statute.

{9}     The redemption statute states that "[a]fter sale of real estate pursuant to the order, judgment or decree of foreclosure in the district court, the real estate may be redeemed by the former defendant owner of the real estate . . . whose rights were judicially determined in the foreclosure proceeding." Section 39-5-18(A). A former defendant owner includes the owner's personal representatives, heirs, successors, and

---

[1] Guera asserts that 1776 waived its argument regarding standing by not raising it at the district court level. But 1776, as the appellee, had no duty to preserve its standing argument, thus the argument is not waived. *See Wild Horse Observers Ass'n, Inc. v. N.M. Livestock Bd.*, 2016-NMCA-001, ¶ 29, 363 P.3d 1222 ("An appellee is not required to preserve arguments to affirm so long as those arguments are not fact-based such that it would be unfair to the appellant to entertain those arguments." (internal quotation marks and citation omitted)). We therefore address it here.

assigns. *BOKF, N.A. v. Unknown Heirs of Pacheco*, 2021-NMCA-010, ¶ 9, 484 P.3d 1020; *see* § 39-5-18(D). Thus, the assignee of a former defendant owner can redeem a property "by filing a petition for redemption in the pending foreclosure case in the district court in which the order, judgment or decree of foreclosure was entered and by making a deposit . . . in cash in the office of the clerk of that district court." Section 39-5-18(A)(2); *see also Freedom Mortg. Corp. v. Stevens*, 2023-NMCA-034, ¶ 10, 528 P.3d 745 ("Consistent with the express language of the statute, New Mexico courts . . . have held that the right of redemption is an assignable right" (internal quotation marks and citations omitted)). If more than one petition to redeem is filed, the court will hold a hearing to "determine which redemption has priority . . . and which party is therefore entitled to redeem the property." Section 39-5-18(C).

**{10}**  As discussed above, both 1776 and Guera filed petitions for redemption and deposited the required funds in the district court's registry. Additionally, both 1776 and Guera asserted their right to redeem the Property based on the purported assignment of the right of redemption from Rowland. As such, Guera is a former defendant owner under the statute, and its interest in redeeming the Property is regulated and protected by Section 39-5-18. *See* § 39-5-18(A), (D).

**{11}**  To successfully enforce its interest, Guera had to prove it possessed a valid right to redeem and that its right has priority over any other asserted redemption right. *See* § 39-5-18(C). Thus, Guera had to prove the 2017 Assignment to 1776 was invalid—if the 2017 Assignment was valid, Rowland would not have possessed a redemption right to assign to Guera in 2021, and consequently Guera would possess no right to redeem the Property. *See* 6A C.J.S. *Assignments* § 111 (2023) ("An assignee stands in the shoes of the assignor and ordinarily obtains only the rights possessed by the assignor at the time of the assignment, and no more."). We conclude that Guera had standing to challenge the validity of the 2017 Assignment to 1776 because doing so was a necessary part of asserting its own right of redemption.[2]

## II.   The 2017 Assignment to 1776 is Invalid for Lack of Consideration

---

[2]In arguing that Guera lacks standing to challenge the 2017 Assignment, 1776 relies on a series of cases, which stand for the general rule that a debtor lacks standing to challenge the validity of an assignment bestowing the assignee a right to collect on that debt or obligation. *See, e.g., Flagstar Bank, FSB v. Licha*, 2015-NMCA-086, ¶ 18, 356 P.3d 1102 (holding that a debtor has no standing to challenge the validity of an assignment of a mortgage based on lack of consideration because it was not a party to the assignment). The rationale behind this rule is that a debtor is not injured by an invalid assignment of the right to collect their debt because their obligation remains the same no matter who may collect, *see Barker v. Danner*, 903 S.W.2d 950, 955; *Livonia Prop. Holdings, L.L.C. v. 12840-12976 Farmington Rd. Holdings, L.L.C.*, 717 F. Supp. 2d 724, 735 (E.D. Mich. 2010) ("[T]he validity of the assignments does not [a]ffect whether Borrower owes its obligations, but only to whom Borrower is obligated."). But 1776 fails to point us to authority applying this rule to competing petitions to redeem property. Thus, we assume none exists. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (stating that where a party cites no authority to support an argument we assume none exists). Moreover, the cases relied on are inapposite to the circumstances here. In order to enforce its right to redeem a party must establish the validity and priority of its own right, which necessarily requires challenging either the validity or priority of a competing party's right. *See* § 39-5-18(C).

**{12}** Next, Guera argues that the 2017 Assignment was invalid because 1776's promise to pay Rowland for the assignment of the right of redemption upon successful redemption of the Property was illusory and therefore lacked consideration. We agree.

**{13}** As stated above, the statutory right of redemption is assignable. *See Freedom Mortg. Corp. v. Stevens*, 2023-NMCA-034, ¶ 10, 528 P.3d 745. "An assignment is a contractual transfer of a right, interest, or claim from one person to another." 6A C.J.S. *Assignments* § 1 (2024); 6 Am. Jur. 2d *Assignments* § 1 (2024) ("An assignment is a contract between the assignor and the assignee, . . . and is interpreted or construed according to the rules of contract construction."). Because assignments are generally treated like contracts, *see* 6A C.J.S. *Assignments* § 56 (2024) (stating that "[a]ssignments are generally subject to the same requisites for validity as other contracts"), they require adequate consideration to be enforceable. *See White Sands Constr., Inc. v. City of Las Cruces*, 2023-NMCA-056, ¶ 9, 534 P.3d 1015 ("The essential attributes of a contract include an offer, an acceptance, consideration, and mutual assent."); 6A C.J.S. *Assignments* § 62 ("An assignment must be supported by legal and sufficient consideration, and any benefit accruing to the assignor or forbearance or detriment given or suffered by the assignee will be a sufficient consideration to support the assignment.").

**{14}** "Consideration consists of a promise to do something that a party is under no legal obligation to do or to forbear from doing something [it] has a legal right to do." *Talbott v. Roswell Hosp. Corp.*, 2005-NMCA-109, ¶ 16, 138 N.M. 189, 118 P.3d 194. "Words of promise which by their terms make performance entirely optional with the promisor do not constitute a promise," Restatement (Second) of Contracts § 77 cmt. a (1981), and therefore fail to constitute adequate consideration. *See Talbott*, 2005-NMCA-109 ¶ 16 (stating "a promise must be binding . . . [w]hen a promise puts no constraints on what a party may do in the future—in other words, when a promise, in reality, promises nothing—it is illusory, and it is not consideration").

**{15}** We begin by determining whether the promise 1776 made to Rowland in exchange for the right of redemption was illusory. In doing so, we must interpret the language of the 2017 Assignment. "We review questions of contract interpretation de novo." *White Sands Constr., Inc.*, 2023-NMCA-056, ¶ 8. We look first to see if the language used by the parties is ambiguous. *See C.R. Anthony Co. v. Loretto Mall Partners*, 1991-NMSC-070, ¶ 12, 112 N.M. 504, 817 P.2d 238 ("The process [of contract interpretation] often turns upon whether the court determines that the contract is ambiguous."); *ConocoPhillips Co. v. Lyons*, 2013-NMSC-009, ¶ 23, 299 P.3d 844 ("The purpose, meaning and intent of the parties to a contract is to be deduced from the language employed by them; and where such language is not ambiguous, it is conclusive."). "A contract term may be ambiguous if it is reasonably and fairly susceptible to different constructions." *Id.* (alterations, internal quotation marks, and citation omitted). If the language is unambiguous we give the words of the contract their ordinary and usual meaning. *See Sipp v. Buffalo Thunder, Inc.*, 2024-NMSC-005, ¶ 15, 546 P.3d 1266 ("If a court concludes that there is no ambiguity, the words of the contract are to be given their ordinary and usual meaning.").

**{16}** Here, 1776 claims that it obtained the right of redemption for the Property for valuable consideration. We disagree. The pertinent portion of the contract states:

> For valuable consideration of $2,500.00 *payable 10 days after the redemption of the* [*the property*] . . . Dianah Rowland [the PR of the estate] . . . transfers and assigns his/her rights of redemption on the above described property.

The phrase "payable 10 days after the redemption of the property" is unambiguous. The only reasonable interpretation of this phrase is that Rowland will be paid for the redemption right *after* the property is redeemed. *See ConocoPhillips Co.*, 2013-NMSC-009, ¶ 23 (stating that "a contract term may be ambiguous [only] if it is reasonably and fairly susceptible to different constructions"). By the plain language of the 2017 Assignment, if 1776 did not redeem the property, it was not required to pay Rowland. In other words, Rowland's assignment of the redemption right was done in exchange for 1776's promise to pay *only if* it chose to redeem the Property and nothing in the contract required 1776 to redeem. Because 1776 had no obligation to redeem, its obligation to pay Rowland under the 2017 Assignment was a matter of discretion. Therefore, its promise to pay Rowland was illusory and the 2017 Assignment was invalid for lack of consideration. *See Talbott*, 2005-NMCA-109, ¶ 16 ("When a promise puts no constraints on what a party may do in the future—in other words, when a promise, in reality, promises nothing—it is illusory, and it is not consideration."). Because the 2017 Assignment is invalid, 1776 has no right to redeem the Property. *See id.* ("A valid contact must possess mutuality of obligation. Mutuality means both sides must provide consideration." (internal quotation marks and citation omitted)). Therefore, we conclude that the district court erred in granting summary judgment in favor of 1776.

**CONCLUSION**

**{17}** For the foregoing reasons, we reverse. Because we reverse based on the invalidity of the 2017 Assignment, we need not address Guera's remaining arguments on appeal.

**{18}  IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JACQUELINE R. MEDINA, Judge**