**PORTER'S READY–BUILT, INC., Respondent,**

v.

**Larry PLUMMER, Appellant.**

**No. WD 35582.**

Missouri Court of Appeals, Western District.

Jan. 22, 1985.

F. Russell Millin, Kansas City, for appellant.

M. Sperry Hickman, Independence, for respondent.

Before CLARK, P.J., and SOMERVILLE and KENNEDY, JJ.

CLARK, Presiding Judge.

Respondent Porter's Ready-Built, Inc. sued appellant Larry Plummer on an unpaid account. Trial of the case to the court resulted in judgment for Porter in the amount of $3850.00 and Plummer appeals. The appeal is dismissed.

The sole issue in the case was whether Plummer was liable as an individual for the cost of installing a wrecker unit on a truck, a service provided by Porter at Plummer's request. Neither the work nor the charge presented any issue. Plummer's defense was that he had contracted the work on behalf of a Colorado corporation, Estes Park Ford, in which he and his then wife were the shareholders.

Respondent has moved to dismiss the appeal for failure by Plummer to comply with Rule 84.04(c) in the statement of facts set out in his brief, and a failure of the statement of points to comply with Rule 84.04(d). We note that this court entered its order September 25, 1984 advising Plummer that his brief would be stricken for failure to comply with Rule 84.04(d). An amended brief was filed October 11,

1984, but the additions did not remedy the lack of particularization in the claims of error. Respondent's brief filed November 7, 1984 incorporated the motion to dismiss and suggestions in support. Apart from a motion to strike respondent's motion, appellant has not responded with opposing suggestions.

Liberality has routinely been extended to appellants in the matter of statements of points on appeal and, consistent with that practice, appellant's cause would probably survive a motion to dismiss if only the statement of points was deficient. Here, however, the violation of Rule 84.04(c) in the statement of facts contained in appellant's brief is so flagrant as to warrant and require the sanction of dismissal of the appeal.

■ Rule 84.04(c) requires of the appellant that he set out in his brief a fair and concise statement of the facts without argument. The purpose of the rule is primarily to afford an immediate, accurate, complete and unbiased understanding of the facts of the case.[1] *Wipfler v. Basler,* 250 S.W.2d 982, 984 (Mo.1952). Failure of the appellant to comply substantially with the rules warrants dismissal of the appeal. *Commerce Bank of Kansas City v. Conrad,* 560 S.W.2d 388 (Mo.App.1977); *appeal dismissed* 436 U.S. 901, 98 S.Ct. 2228, 56 L.Ed.2d 399, *reh'g denied,* 437 U.S. 912, 98 S.Ct. 3106, 57 L.Ed.2d 1143 (1978).

An accurate and unbiased statement of the facts is a particularly significant component of the appellant's brief in this case because the only point arguably to be presented on the appeal is whether the judgment is supported by substantial evidence and is not against the weight of the evidence. *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). Because the judgment below was for Porter after a bench trial, the facts to be accepted as true on appeal are those drawn from evidence favorable to Porter, with attending favorable inferences, and contradictory testimony is to be disregarded. *Mills v. Cameron Mutual Insurance Co.,* 674 S.W.2d 244, 247 (Mo. App.1984).

■ The statement of "facts" set out by Plummer in his brief blatantly ignores all of the above requirements and, instead, conveys a false, distorted and imperfect impression of the evidence in the case. The statement entirely ignores Porter's evidence which included, among other testimony, an unqualified disclaimer of any knowledge about Plummer's Colorado corporation. The statement of facts is neither fair nor complete because it recites only evidence favorable to Plummer and omits all other facts pertinent to the case.

In a pernicious manner, the statement of facts also offends because it is inaccurate and misleading. The statement conveys the impression that the creditor corporation, Porter's Ready-Built, had significant exposure to a public holding-out by Plummer of his corporate business entity through the medium of a large outdoor advertising sign at his place of business, by use of the corporate name on shop tickets and checks and by a window sticker on the Ford truck which was involved in the wrecker installation. In fact the trial transcript shows no evidence that any representative of Porter's was ever in Estes Park, Colorado where the advertising sign could be viewed, there was no proof business forms of Estes Park Ford, Inc. ever came to Porter's and no proof at all that the truck in question had any window sticker, much less one bearing the name Estes Park Ford, Inc. In a biased and inaccurate presentation, appellant's statement represents the facts it recites to have been admitted or uncontested when they were neither.

A reading of Plummer's fact statement creates an initial impression that the judgment of the trial court was not supported by the evidence and was against the weight

---

1. An ancillary benefit is a realistic appraisal by appellant of the facts viewed impartially. The required summary of the evidence in this case would or should have alerted appellant to the lack of merit in his claim that the judgment by the trial court was not supported by the evidence.

**238**

of the evidence. That impression, is however, erroneous and is solely the product of an unfair and inaccurate presentation of the facts. Neither the court nor opposing parties are obliged to labor under such a handicap in dealing with an appeal. The only appropriate remedy in an egregious case of this nature is dismissal of the appeal.

Respondent has also moved for assessment of damages for a frivolous appeal. In this case, we do not reach the issue and conclude our review with the dismissal order. The motion for damages is denied.

The appeal is dismissed.

All concur.