**Timothy M. FINNICAL, Appellant–Respondent,**

v.

**Marilyn D. FINNICAL, Respondent–Appellant.**

**Nos. WD 59611, WD 59755.**

Missouri Court of Appeals, Western District.

April 30, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 2, 2002.

Application for Transfer Denied Aug. 27, 2002.

Stephen C. Caruso, Kansas City, for Appellant-Respondent.

Gwendolyn S. Froeschner, Columbia, for Respondent-Appellant.

Before: ELLIS, P.J., and EDWIN H. SMITH and NEWTON, JJ.

EDWIN H. SMITH, Judge.

Timothy M. Finnical appeals from the judgment of the circuit court dissolving his marriage to the respondent, Marilyn D. Finnical, challenging its award on remand of maintenance to the respondent. The respondent cross-appeals, challenging not only the sufficiency of the court's award of maintenance, but the sufficiency of its award to her of attorney's fees.

The appellant raises three points on appeal. In Point I, he claims that the "trial court abused its discretion in awarding maintenance to the [*sic*] Marilyn Finnical on remand pursuant to Section 452.335.2 RSMO. because she does not satisfy the statutory test, in that, she made no serious effort to find employment." In Point II, he claims that the "trial court abused its discretion in awarding maintenance to the [*sic*] Marilyn Finnical pursuant to Section 452.335.2 RSMO. because the finding of her continuing disability is contrary to the substantial weight of the credible evidence, in that, her testimony is not credible." In Point III, he claims that the "trial court abused its discretion in awarding maintenance to the [*sic*] Marilyn Finnical pursuant to Section 452.335.2 RSMO. because the finding of inadequate assets with which to support herself is against the substantial weight of the credible evidence, in that, the evidence demonstrates that she has sufficient assets."

On cross-appeal, the respondent raises four points. In Point I, she claims that the "findings of the trial court are null and void in that the court exceeded its jurisdiction on remand when it retried the issue of whether attorneys fees were excessive and retried the issue of [the respondent's] monthly living expenses and Mr. Finnical's ability to pay maintenance because it exceeded the mandate of the Court of Appeals." In Point II, she claims that:

[t]he court abused its discretion in the amount of maintenance which it awarded to [the respondent] in that it made a finding that she had been receiving social security disability since August, 1999 and made findings of [the respondent's] mental health problems, attempts to work, lack of work since 1962 and inability to support herself, yet imputed a monthly income of $1,385 per month to her and then deducted her social security disability payment from

her maintenance and also failed to give her credit for reduction of her social security disability if she received maintenance.

In Point III, she claims that:

> [t]he court abused its discretion in failing to award [the respondent's] attorneys' fees for Michael Albano in that the court made a finding that she lacked sufficient property to provide for her reasonable needs and that there was a disparity in income between the parties, yet made a finding that the attorneys' fees of Michael Albano were excessive and did not order Timothy Finnical to pay any additional amount on them, effectively thereby causing them to be paid by [the respondent].

In Point IV, she claims that the "court abused its discretion in failing to order Mr. Finnical to pay any of [the respondent's] attorneys' fees on remand in that the court found that they were reasonable and that appellant's financial resources are substantially greater than [respondent's] because that effectively assesses them to her."

Both the appellant's appeal and the respondent's cross-appeal are dismissed for failure of their briefs to substantially comply with Rule 84.04.[1]

### Facts

On October 9, 1995, the appellant filed a petition in the Circuit Court of Clay County to dissolve his fourteen-year marriage to the respondent. The trial court entered its judgment dissolving the parties' marriage on March 31, 1998.

The respondent appealed the trial court's judgment of dissolution to this court, challenging the court's distribution of marital property, its denial of her request for maintenance, and its award to her of only $3,000 in attorney's fees. In *Finnical v. Finnical,* 992 S.W.2d 337, 345 (Mo.App.1999), we reversed the trial court's judgment and remanded the cause to the court for its "reconsideration of the issues of maintenance and assessing the value and possible division of two retirement plans, and reverse[d] the circuit court's award of attorney fees with instructions that it reconsider the issue after determining the parties' ability to pay attorney fees."

Upon remand, the trial court heard evidence on April 21, 2000, concerning the issues of maintenance, division of marital property, and attorney's fees. After the conclusion of the evidence, the trial court took the cause under advisement. On September 22, 2000, the court entered its "Findings of Fact and Conclusions of Law and Judgment on Remand." In its judgment, it ordered, *inter alia,* the appellant to pay monthly maintenance to the respondent of $435 and a lump sum of $1,894.10 for her marital share of the appellant's retirement accounts. As to the respondent's request for attorney's fees, the trial court refused to award any amount other than the $3,000 previously ordered and paid by the appellant.

This appeal follows.

### I. Appellant's Brief

Before addressing the merits of the appellant's claims of error on appeal, we must first address the apparent deficiencies in his amended brief as to his jurisdictional statement, his statement of facts, and his points relied on to determine, *sua sponte,* our jurisdiction, as we are required indicated.

---

1. All rule references are to the Missouri Rules of Civil Procedure (2001), unless otherwise

to do.[2] *Crawford v. Crawford*, 31 S.W.3d 451, 453 (Mo.App.2000).

## A. Appellant's Jurisdictional Statement

Rule 84.04(a)(2) mandates that each appellant's brief contain a "concise statement of the grounds on which jurisdiction of the review court is invoked." The jurisdictional statement must "set forth sufficient factual data to demonstrate the applicability of the particular provision or provisions of Article V, Section 3, of the Constitution whereon jurisdiction is sought to be predicated." Rule 84.04(b). "Bare recitals that jurisdiction is invoked 'on the ground that the construction of the Constitution of the United States or of this state is involved' or similar statements or conclusions are insufficient as jurisdictional statements." *Id.* A deficient jurisdictional statement fails to invoke the jurisdiction of this court. *Giesler v. Burlington N. R.R. Co.*, 791 S.W.2d 491, 492 (Mo.App.1990).

The appellant's jurisdictional statement in his amended brief reads:

This matter is before this Honorable Court upon an Appeal from a Judgment on remand of the Circuit Court of Clay County, Missouri the Honorable Warren L. McElwain presiding. The Judgment was entered on September 22, 2000. This Court has jurisdiction pursuant to Article V, Section III of the Constitution of Missouri, which vests general Appellant [*sic*] jurisdiction in the appropriate district of the Court of Appeals.

There is no issue presented which is vested in the exclusive jurisdiction of the Supreme Court of Missouri.

The appellant's jurisdictional statement obviously does not satisfy the require-

ments of Rule 84.04(b) in that: (1) it is a bare recital of our jurisdiction being invoked under Article V, Section 3 of the Missouri Constitution in that it does not set forth "sufficient factual data to demonstrate the applicability of the particular provision or provisions of Article V, section 3, of the Constitution whereon jurisdiction is sought to be predicated," as required by Rule 84.04(b); and (2) it does not clearly identify what final, appealable judgment of the circuit court is being appealed. *Buttress v. Taylor*, 62 S.W.3d 672, 677 (Mo. App.2001). This in and of itself would be a sufficient basis for us to dismiss the appellant's appeal. *Robin Farms, Inc. v. Bartholome*, 989 S.W.2d 238, 245 (Mo.App. 1999). However, even if we were inclined to ignore the substantially deficient jurisdictional statement and be willing to review the appellant's claims *ex gratia*, we would not be so inclined given the appellant's substantially deficient statement of facts and points relied on, which we discuss, *infra*.

## B. Appellant's Statement of Facts

Rule 84.04(a)(3) requires each appellant's brief to contain a statement of facts. Rule 84.04(c) requires the statement of facts to be a "fair and concise statement of the facts relevant to the questions presented for determination without argument." The purpose of this rule is to provide "an immediate accurate, complete and unbiased understanding of the facts of the case." *Porter's Ready–Built, Inc. v. Plummer*, 685 S.W.2d 236, 237 (Mo.App. 1985) (citation omitted).

The appellant's statement of facts does not provide a concise statement of all the facts necessary to resolve the issues he purportedly attempts to raise in his ap-

2. The respondent filed a motion to dismiss, alleging briefing errors, which was taken with the case.

peal. In addition, the facts that are stated are argumentative in nature. The failure of an appellant to provide a fair and concise statement of facts is a sufficient basis to dismiss an appeal. *Mo. Highway and Transp. Comm'n v. Taylor*, 839 S.W.2d 676, 678 (Mo.App.1992).

## C. Appellant's Points Relied On

Rule 84.04(d), which governs the requirements of a point relied on, provides:

(1) Where the appellate court reviews the decision of a trial court, each point shall:

(A) identify the trial court ruling or action that the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*]."

" 'Thus, the rule requires that each point relied on: (1) identify the trial court's ruling or action that the appellant is challenging on appeal; (2) state the legal reasons for the appellant's claim of reversible error; and (3) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.' " *Wilson v. Carnahan*, 25 S.W.3d 664, 666 (Mo.App.2000) (*quoting Hall v. Mo. Bd. of Prob. & Parole*, 10 S.W.3d 540, 543 (Mo.App.1999)). " 'The function of this rule is to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review.' " *Id.* "Rule 84.04(d) 'sets forth a form for a point relied on that satisfies the [rule's] requirements.' " *Id.* (*quoting In re Marriage of Wright*, 990 S.W.2d 703, 708 (Mo. App.1999)). The appellant's three points relied on fail to substantially comply with Rule 84.04(d).

■ In Point I, the appellant claims that "[t]he trial court abused its discretion in awarding maintenance to the [*sic*] Marilyn Finnical on remand pursuant to Section 452.335.2 RSMO. because she does not satisfy the statutory test, in that, she made no serious effort to find employment." In Point II, he claims that "[t]he trial court abused its discretion in awarding maintenance to the [*sic*] Marilyn Finnical pursuant to Section 452.335.2 RSMO. because the finding of her continuing disability is contrary to the substantial weight of the credible evidence, in that, her testimony is not credible." In Point III, he claims that "[t]he trial court abused its discretion in awarding maintenance to the [sic] Marilyn Finnical pursuant to Section 452.335.2 RSMO. because the finding of inadequate assets with which to support herself is against the substantial weight of the credible evidence, in that, the evidence demonstrates that she has sufficient assets." All three points relied on fail to explain in summary fashion why, in the context of the case the legal reasons cited support the claims of reversible error, as required by Rule 84.04(d)(1)(C). As such, the points are nothing more than abstract statements of law, which fail to satisfy the requirements of a proper point relied on and preserve nothing for appeal. Rule 84.04(d)(4); *Crawford County Concerned Citizens v. Mo. Dep't of Natural Res.*, 51 S.W.3d 904, 908 (Mo.App.2001).

■ As a further basis for not reviewing Point II, we note that the only citation

of authority in the appellant's argument of the point is a general reference to *In re Marriage of Liljedahl*, 942 S.W.2d 919 (Mo.App.1996), stating that the respondent's "fraud upon the court was more egregious than the wife in [that case]." This reference does not explain the relevance of the holding in that case to the argument in this case, nor is it cited as standing for a particular rule of law. "Under Rule 84.04, we are not required to review a claim on appeal if it appears without citation of applicable or relevant authority." *Nelson v. Nelson*, 25 S.W.3d 511, 520 (Mo.App.2000) (citation omitted). If no authority exists to cite, the appellant is required to explain such an absence of citation. *Id.* As the appellant failed to cite any relevant authority or explain the absence of such, the argument is clearly deficient. *Coleman v. Gilyard*, 969 S.W.2d 271, 274 (Mo.App.1998).

■ "When faced with a defective brief, an appellate court should not become the appellant's advocate by ferreting out facts, reconstructing points, and deciphering arguments." *Weisenburger v. City of St. Joseph*, 51 S.W.3d 119, 125 (Mo.App.2001) (citation omitted). "That is the responsibility of the parties and not the function of an appellate court." *Id.* Given the appellant's failure to substantially comply with the requirements of Rule 84.04, as discussed, *supra*, we dismiss his appeal. *Crawford County*, 51 S.W.3d at 909.

## II. Respondent's Brief on Cross–Appeal

Inasmuch as we are to determine our jurisdiction, *sua sponte*, in every case, *Crawford*, 31 S.W.3d at 453, before addressing the merits of the respondent's claims of error on cross-appeal, we must first address the apparent deficiencies in her brief as to her points relied on to determine if she properly preserved her claims for appeal.

■ In Point I, the respondent claims that "[t]he findings of the trial court are null and void in that the court exceeded its jurisdiction on remand when it retried the issue of whether attorneys fees were excessive and retried the issue of [respondent's] monthly living expenses and Mr. Finnical's ability to pay maintenance because it exceeded the mandate of the Court of Appeals." Although the point relied on refers to the "findings of the trial court," it does not indicate the court's rulings or findings that are challenged. In order to comply with the briefing rules, a point relied on must specify the trial court ruling or action that is being challenged. Rule 84.04(d)(1)(A); *Downs v. Dir. of Adult Insts.*, 40 S.W.3d 19, 22 (Mo.App. 2001). As such, Point I preserves nothing for our review, requiring us to dismiss. *Downs*, 40 S.W.3d at 22.

■ In Point II, the respondent claims that:

[t]he court abused its discretion in the amount of maintenance which it awarded to [the respondent] in that it made a finding that she had been receiving social security disability since August, 1999 and made findings of [the respondent's] mental health problems, attempts to work, lack of work since 1962 and inability to support herself, yet imputed a monthly income of $1,385 per month to her and then deducted her social security disability payment from her maintenance and also failed to give her credit for reduction of her social security disability if she received maintenance.

In Point III, she claims that:

[t]he court abused its discretion in failing to award [the respondent] attorneys' fees for Michael Albano in that the court

made a finding that she lacked sufficient property to provide for her reasonable needs and that there was a disparity in income between the parties, yet made a finding that the attorneys' fees of Michael Albano were excessive and did not order Timothy Finnical to pay any additional amount on them, effectively thereby causing them to be paid by [the respondent].

In Point IV, the respondent claims that "[t]he court abused its discretion in failing to order Mr. Finnical to pay any of [the respondent's] attorneys' fees on remand in that the court found that they were reasonable and that appellant's financial resources are substantially greater than [respondent's] because that effectively assesses them to her." In all three points relied on, the respondent fails to state the legal reason or reasons for her claim that the trial court erred in awarding her maintenance or attorney's fees, as required by Rule 84.04(d)(1)(B), preserving nothing for our review, requiring us to dismiss. *Stickley v. Auto Credit, Inc.*, 53 S.W.3d 560, 562 (Mo.App.2001).

### Conclusion

The appellant's appeal and the respondent's cross-appeal are dismissed for failure to substantially comply with Rule 84.04.

ELLIS, P.J., and NEWTON, J., concur.