Thelma ANDERSON, Appellant,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Respondent.

No. WD 64940.

Missouri Court of Appeals, Western District.

Sept. 27, 2005.

Rehearing Denied Nov. 1, 2005.

---

H. Kent Desselle, Independence, for Appellant.

Stephen D. Manz, Kansas City, for Respondent.

RONALD R. HOLLIGER, Presiding Judge.

Thelma Anderson appeals from the summary judgment in favor of American Family Mutual Insurance Company (American Family) on her petition for "specific performance" of Mo.Rev.Stat. Section 379.150,[1] vexatious refusal to pay, and punitive damages. Because Ms. Anderson's appellate brief fails to comply with the requirements of Rule 84.04, we dismiss this appeal.

### Facts

Ms. Anderson alleged that in January 2003, her home sustained damage from a water leak. Her insurer, American Family, paid nearly $9,000 on Anderson's claim pursuant to an insurance policy in effect at the time. In her petition, Anderson did not challenge the sufficiency of that payment. Rather, her petition alleged that American Family violated Mo.Rev.Stat. Section 379.150 by refusing to repair the property at her request. The circuit court granted American Family's motion for summary judgment on grounds that Anderson's claim was for *water* damage, while Section 379.150 applies to insurance claims arising from damage caused by *fire*. This appeal followed.

### Discussion

■ American Family contends that Anderson's appellate brief fails to comply with the requirements of Rule 84.04. We agree. The failure to substantially comply with Rule 84.04 preserves nothing for review. *In re Marriage of Shumpert*, 144 S.W.3d 317, 321 (Mo.App.2004). Failure to comply with Rule 84.04 merits dismissal. *Bridges v. American Family Mut. Ins. Co.*, 146 S.W.3d 456, 459 (Mo.App.2004).

■ Anderson's jurisdictional statement violates Rule 84.04(b), which requires that the jurisdictional statement in a brief "shall set forth sufficient factual data to demonstrate the applicability of the particular provision or provisions of Article V, section 3, of the Constitution whereon jurisdiction is sought to be predicated." A deficient jurisdictional statement merits dismissing an appeal. *White v. Darring-*

1. All statutory references are to Mo.Rev.Stat. (2000), unless otherwise indicated.

*ton,* 91 S.W.3d 718, 722 (Mo.App.2002). Anderson's jurisdictional statement contains no facts that indicate that jurisdiction is proper in this court. Anderson's complete jurisdictional statement reads, "Appellant appeals from a summary judgment for the Respondents. The instant appeal involves an issue over whether the Supreme Court has exclusive jurisdiction. Hence, jurisdiction is proper in this Court pursuant to Missouri Constitutional Article 5 Section 3." [Sic] This appeal does not, as far as we can tell, involve an issue "over whether the Supreme Court has exclusive jurisdiction," and Anderson's brief does not explain how that issue would, if applicable here, grant this court jurisdiction. Moreover, Anderson's jurisdictional statement merely concludes that jurisdiction is proper, violating Rule 84.04(b)'s prohibition against conclusory statements.

■ Anderson's statement of facts violates Rule 84.04(c), which requires "a fair and concise statement of the facts relevant to the questions presented for determination without argument." "The failure of an appellant to provide a fair and concise statement of facts is a sufficient basis to dismiss an appeal." *Finnical v. Finnical,* 81 S.W.3d 554, 559 (Mo.App.2002). Anderson's fact statement consists of five sentences of facts and a legal conclusion. The legal conclusion violates Rule 84.04(c)'s prohibition against argument in the fact statement. *See Bridges,* 146 S.W.3d at 459; *Rasse v. City of Marshall,* 18 S.W.3d 486, 489 (Mo.App.2000). Furthermore, Anderson's fact statement does not provide the facts necessary to resolve the issues, such as the language of the insurance policy purportedly giving rise to American Family's liability, whether Anderson ever demanded of American Family the relief sought, or whether American Family paid the claim or refused Anderson's demand for payment or repair

of her property. Anderson's fact statement does *refer* to the insurance policy, apparently incorporating it by reference to the appendix, where the policy is copied. But the copy in the appendix skips every other page of the policy, defying her assertion in her brief's statement of facts that the copy of the policy "is a genuine and true and correct copy of the applicable insurance policy." Thus Anderson's brief fails to contain a "fair and concise" fact statement as required by Rule 84.04(c).

Anderson's brief violates Rule 84.04(d)(5), which requires that each point relied on be followed by "a list of cases, not to exceed four, and the constitutional, statutory, and regulatory provisions or other authority upon which that party principally relies." "The requirements of Rule 84.04(d) are mandatory and must be strictly applied." *Martin v. Circuit Court of the City of St. Louis,* 580 S.W.2d 307, 308 (Mo.App.1978) (citation omitted). Anderson's points contain *no* list of authorities on which she relies. Although in some circumstances failure to list authority for the point relied on may not sink a brief, *Thummel v. King,* 570 S.W.2d 679, 687 (Mo. banc 1978), failure to list even the statute on which the appellant principally relies constitutes a deficiency meriting dismissal of this appeal.

Anderson's brief violates Rule 84.04(h), which requires, among other things, that the appendix include a copy of the judgment appealed from and the complete text of all statutes claimed to be controlling on the issues on appeal, and that an appendix more than 30 pages long be bound separately. Violation of Rule 84.04(h) merits dismissal. *In re Marriage of Shumpert,* 144 S.W.3d at 321. Anderson's appendix omits a copy of the judgment appealed from, and the text of Section 379.150 is not indicated by the appendix's table of contents (though we found the text of the

statute nestled in one document *prepared by American Family* that is copied in the appendix). The 51–page appendix is bound along with the brief and contains three sections, denominated "A1," "A2," and "A3," which comprise various filings by the parties in the circuit court. Several of the filings included in the appendix are not identified in its table of contents. Each appendix section begins numbering anew, further violating Rule 84.04(h)'s requirement that the appendix pages should be "numbered consecutively."

■ Finally, Anderson's brief violates Rule 84.04(i), which requires that "All statements of fact and argument shall have specific page references to the legal file or the transcript." Violation of Rule 84.04(i) merits dismissal. *Speer v. K & B Leather Co.,* 150 S.W.3d 387, 389 (Mo.App.2004). Anderson's brief cites not to the legal file or transcript but to its own appendix, and not even to specific pages in the appendix, but merely to whole sections of the appendix, which are up to 31 pages long. We adhere to the rule that "[a]n appellate court will not supply the deficiencies of an inadequate brief by independent, additional research because to do so would be inherently unfair to the opposition and parties in other cases awaiting disposition on appeal." *Id.* (citing *Thummel v. King,* 570 S.W.2d at 686). We will not seine the record to locate factual support for assertions by the appellant. *Block Fin. Corp. v. Am. Online, Inc.,* 148 S.W.3d 878, 890 (Mo.App.2004).

Because her brief fails to comply with the requirements of Rule 84.04, we dismiss Ms. Anderson's appeal.

ROBERT G. ULRICH, Judge, and JOSEPH M. ELLIS, Judge, concur.