

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| P & J VENTURES, LLC, | ) | No. ED101532 |
| | ) | |
| Respondent/Cross-Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Charles County |
| vs. | ) | |
| | ) | |
| YI YU ZHENG, QUI FENG, AND LING ZING ZHENG, | ) | Honorable Theodore House |
| | ) | |
| Appellants/Respondents. | ) | Filed: January 12, 2016 |

## I.  INTRODUCTION

Defendants Yi Yu Zheng ("Defendant Zheng"), Qui Feng ("Defendant Feng") and Ling Xing Zheng ("Defendant Leon") appeal the judgment of the Circuit Court in favor of Plaintiff P & J Ventures, LLC, ("P & J), on Counts I through V against Defendant Leon; and in favor of P & J on Count III against Defendants Zheng and Feng.  P & J cross-appeals the judgment of the Circuit Court in favor of Defendants Zheng and Feng on Count I against P & J.  Defendants assert five points on appeal.  In Points I through IV, Defendants claim the trial court erred in entering judgment in favor of P & J on Count III (fraudulent misrepresentation). In Point V, Defendants maintain the court erred in striking Defendant Leon's pleadings and entering a default judgment against him on all five counts of P & J's petition. In its cross-appeal, P & J contends the trial court erred in entering judgment in favor of Defendants Zheng and Feng on Count I (breach of contract). P & J has also filed a motion to strike Defendants' brief and dismiss Defendants' appeal, alleging Defendants failed to comply with Missouri Rule of Civil Procedure

1

84.04. We ordered the motion to be taken with the case. We dismiss Defendants' appeal, reverse the judgment in part, and remand for further proceedings.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On November 8, 2010, James and Patricia Bovier (the "Boviers") entered into a residential lease agreement with Defendants Zheng and Feng for the rental of the Boviers' real property located in St. Charles County, Missouri (the "Property"). In the lease agreement (the "Lease"), the Boviers were identified as the "Lessor" and Defendants Zheng and Feng were identified as the "Lessee." The Lease specified that the premises were to be occupied solely by the Lessee and the Lessee's immediate family.

The Lease's term began on November 8, 2010, and ended on October 31, 2011. Paragraph 4 of the Lease stated, "This Lease is not assignable, and said Premises, or any part thereof may not be sublet without the written consent of the Lessor." The Boviers subsequently formed P & J Ventures, LLC, and served as its sole members. On July 6, 2011, the Boviers conveyed their interest in the Property to P & J through a General Warranty Deed. The General Warranty Deed specifically indicated "all rights and appurtenances" belonging to the Boviers were transferred to P & J.

During the term of the lease, the Boviers inspected the Property and found it in poor condition and that additional, unknown people were occupying the home. The Boviers sent a letter to Defendants in September notifying them the Lease would not be renewed at the end of October. In October, Defendants paid their rent check to P & J.

In 2012, P & J filed suit against Defendants Zheng, Feng, and Leon. P & J's Petition contained the following claims: breach of the lease (Count I), unlawful detainer (Count II), fraudulent misrepresentation (Count III), unjust enrichment (Count IV), and waste (Count V).

2

Counts I, II, III, and V of the Petition were asserted against each Defendant. Count IV was asserted against Defendant Leon only.

Defendants filed a motion to dismiss, claiming P & J lacked standing to assert a cause of action because the Lease was not assignable. The court heard and overruled Defendants' motion based upon P & J's representation that the Boviers, quitclaimed their interest in the Property to P & J by recorded deed. The court requested P & J confirm the real estate recording status; P & J filed the General Warranty Deed with the court.

The case was bench-tried. Defendant Leon was served with a subpoena, but failed to appear at trial. P & J filed a Motion to Strike Defendant Leon's pleadings and enter a judgment by default against him. After trial, the court entered judgment by default against Defendant Leon on all five counts of P & J's Petition. The trial court also entered judgment against the remaining Defendants and in favor of P & J on Counts II (unlawful detainer) and III (fraudulent misconduct). In that same judgment, the trial court found in favor of Defendants Zheng and Feng as to Count I (breach of contract). The court found the Lease by its terms was not assignable; therefore, P & J had no standing to assert a cause of action based on breach of contract. As to Count V (waste), the court entered judgment in favor of Defendants. This appeal follows.

### III. STANDARD OF REVIEW

"In a court-tried case, we will affirm the judgment below if it is supported by substantial evidence, is not against the weight of the evidence, and does not erroneously declare or apply the law." *Reppy v. Winters,* 351 S.W.3d 717, 720 (Mo. App. W.D. 2011) (citing *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976)). We view the evidence in the light most favorable to the trial court's judgment, disregarding all contrary inferences and evidence. *Woods ex rel. Woods v.*

*Cory,* 192 S.W.3d 450, 458 (Mo. App. S.D. 2006). This Court will defer to the trial court's findings of fact where the evidence is conflicting but not to its determinations of law. *Empire Dist. Elec. Co. v. Gaar*, 26 S.W.3d 370, 373 (Mo. App. S.D. 2000).

## IV. DISCUSSION

### A. P & J's Motion to Dismiss Appeal

Before considering the merits of the claims of error on appeal, we will address P & J's motion to strike Defendants' brief and dismiss Defendants' appeal. P & J contends Defendants' brief fails to comply with the requirements of Rule 84.04.[1] We agree.

The failure to substantially comply with the briefing requirements of Rule 84.04 preserves nothing for review. *In re Marriage of Shumpert*, 144 S.W.3d 317, 321 (Mo. App. E.D. 2004). Failure to comply with Rule 84.04 merits dismissal. *Bridges v. Am. Family Mut. Ins. Co.*, 146 S.W.3d 456, 459 (Mo. App. W.D. 2004).

First, we note Defendants' brief violates Rule 84.04(b), which requires the jurisdictional statement in a brief to "set forth sufficient factual data to demonstrate the applicability of the particular provision or provisions of Article V, section 3, of the Constitution whereon jurisdiction is sought to be predicated." "Bare recitals that jurisdiction is invoked 'on the ground that the construction of the Constitution of the United States or of this state is involved' or similar statements or conclusions are insufficient as jurisdictional statements." Rule 84.04(b). A deficient jurisdictional statement merits dismissing an appeal. *Anderson v. Am. Family Mut. Ins.*, 173 S.W.3d 356, 357-58 (Mo. App. W. D. 2005).

Here, Defendants' jurisdictional statement contains no facts that indicate jurisdiction is proper in this court. Defendants' complete jurisdictional statement reads:

---

[1] All Rule references are to Missouri Court Rules (2014).

> This case is an appeal from a judgment entered in the Circuit Court of St. Charles County, Missouri in favor of P & J and against Defendants, following a bench trial. A Notice of Appeal was filed in a timely manner and the case does not involve any of the categories reserved for the exclusive jurisdiction of the Missouri Supreme Court. Therefore, jurisdiction lies in this Court pursuant to Article V, Section 3, of the Missouri Constitution.

The requirements of Rule 84.04(b) are not satisfied as Defendants' jurisdictional statement merely concludes jurisdiction is proper. This violates Rule 84.04(b)'s prohibition against bare recitals and conclusory statements. *See Anderson*, 173 S.W.3d at 358. In addition, Defendants' jurisdictional statement does not clearly identify what final, appealable judgment of the circuit court is being appealed. *Finnical v. Finnical*, 81 S.W.3d 554, 558 (Mo. App. W.D. 2002).

In and of itself, the failure of Defendants to provide a jurisdictional statement in compliance with Rule 84.04(b) would be a sufficient basis for us to dismiss the Defendants' appeal. *Finnical*, 81 S.W.3d at 558. However, even if we were inclined to disregard the substantially deficient jurisdictional statement, we note that Defendants' substantially failed to comply with other provisions of Rule 84.04.

Defendants' brief also violates the requirements of Rules 84.04(c) and 84.04(e). These two provisions require all factual assertions contained in the statement of facts and argument to have specific page references to the relevant portion of the record on appeal, i.e., the legal file, transcript, or exhibits. Rule 84.04(c), (e). If the matter cited in the statement of facts or argument is contained in the appendix, a page reference to the appendix must be included. *Id*. Specific relevant cites to the record are "mandatory and essential for the effective functioning of appellate courts because courts cannot spend time searching the record to determine if factual assertions in the brief are supported by the record." *Jimmy Jones Excavation, Inc. v. JDC Structural Concrete, LLC*, 404 S.W.3d 922, 924 (Mo. App. S.D. 2013) (quotation omitted).

Violation of Rule 84.04(c) is an adequate ground for dismissal. *Tucker v. United Healthcare Svc, Inc.*, 232 S.W.3d 636, 639 (Mo. App. S.D. 2007).

Here, the factual assertions set forth in the Argument portion of Defendant's brief lack any reference to the record whatsoever. Likewise, there are instances in the Statement of Facts where no citation is provided to the Transcript, Legal File, Exhibits or Appendix. Twice, Defendants simply cite to the whole Appendix in support of an assertion, instead of providing a specific page reference.

"We adhere to the rule that an appellate court will not supply the deficiencies of an inadequate brief by independent, additional research because to do so would be inherently unfair to the opposition and parties in other cases awaiting disposition on appeal." *Anderson*, 173 S.W.3d at 359 (quotation omitted). It is not an appellate court's role to serve as advocate for any litigant. *Jimmy Jones*, 404 S.W.3d at 924. "In particular, we have no duty to search the transcript or record to discover the facts which substantiate a point on appeal. That is the duty of the parties, not the function of an appellate court." *Id.* (quotation omitted). Accordingly, we decline to search through the record to determine whether Defendants' factual assertions are properly supported.

Moreover, we find Defendants' Statement of Facts violates Rule 84.04(c) in that it does not provide "a fair and concise statement of the facts relevant to the questions presented for determination[.]" Rule 84.04(c). The purpose of this provision is to provide an accurate, *complete* and *unbiased* understanding of the facts of the case. *Finnical*, 81 S.W.3d at 558 (emphasis added). Defendants' Statement of Facts does not provide a complete and unbiased account of the facts necessary to resolve all of the issues presented on appeal. *Anderson*, 173 S.W.3d at 358. For example, although Defendants set forth Defendant Zheng's favorable

testimony regarding the condition of the Property, they omit contrary testimony and evidence from several witnesses presented by P & J. "The failure of a [d]efendant to provide a fair and concise statement of facts is a sufficient basis to dismiss an appeal." *Finnical*, 81 S.W.3d at 559.

Thus, Defendants' brief fails to comply with the requirements of Rule 84.04, providing a sufficient basis to dismiss their appeal. Even if we were inclined to ignore the insufficiency of their brief and review their claims *ex gratia*, we decline to do so in that Defendants now present on appeal arguments in Points II and V of their brief that they did not present to the trial court below. We will not convict a trial court of error on an issue which was not put before it to decide. *Swift v. Federal Home Loan Mortg. Corp.*, 417 S.W.3d 342, 347 (Mo. App. S. D. 2013). Accordingly, we grant P & J's motion to dismiss Defendant's appeal.

## B. P & J's Cross-Appeal.

On cross-appeal, P & J claims the trial court erred in entering judgment in favor of Defendants Zheng and Feng on Count I (breach of lease). P & J contends the court erred in finding that P & J lacked standing to assert a claim for breach because the Lease was not assignable to P & J. P & J asserts the trial court erred under the three grounds articulated in *Murphy v. Carron*: 1) there was no substantial evidence to support the court's judgment; 2) the judgment was against the weight of the evidence; and 3) the judgment was a misapplication of the law. Specifically, P & J argues that the record shows the Lease was assignable, the Boviers assigned it, Defendants accepted the assignment by paying rent to P & J, and that the court found the Lease was assignable when it denied Defendants motion to dismiss P & J's Petition for lack of standing. Defendants did not respond to P & J's cross-appeal. We find the trial court erred in finding P & J lacked standing because the Lease was not assignable. We reverse the judgment as to Count I.

7

"A party has standing to sue when it has a justiciable interest in the subject matter of the action." *CACH, LLC v. Askew*, 358 S.W.3d 58, 61 (Mo. banc 2012) (quotation omitted); *see also Midwestern Health Mgmt., Inc. v. Walker,* 208 S.W.3d 295, 298 (Mo. App. W.D. 2006) (stating that standing to sue "exists when a party has an interest in the subject matter of the suit that gives it a right to recovery, if validated."). Courts have a duty to determine if a party has standing prior to addressing the substantive issues of the case. *Farmer v. Kinder,* 89 S.W.3d 447, 451 (Mo. banc 2002). For this reason, standing cannot be waived. *Id.* "'Because standing is a question of law, review of the issue on appeal is *de novo.*'" *CACH*, 358 S.W.3d at 61 (quoting *Missouri State Med. Ass'n v. State,* 256 S.W.3d 85, 87 (Mo. banc 2008)).

Here, in its judgment, the trial court found P & J had no standing to assert a cause of action based on breach of contract in that the Lease by its terms was not assignable. The "No Assignability" provision contained in paragraph 4 of the Lease provides the following: "This Lease is not assignable, and said Premises, or any part thereof may not be sublet without the written consent of the Lessor." The trial court interpreted this provision to mean the Boviers were barred from assigning their interest in the Lease to P & J. In Point III, P & J argues that the trial court misapplied the law in that P & J had standing as the Lease was assignable, thereby giving P & J standing.

We first address Point III as it is dispositive of the cross-appeal. The interpretation of a contract is a question of law. *Storey v. RGIS Inventory Specialists, LLC*, 466 S.W.3d 650, 654 (Mo. App. E.D. 2015). "The cardinal principle of contract interpretation is to ascertain the intention of the parties and to give effect to that intent." *Dunn Indus. Group, Inc. v. City of Sugar Creek*, 112 S.W.3d 421, 428 (Mo. banc 2003). "The terms of a contract are read as a whole to determine the intention of the parties and are given their plain, ordinary, and usual

meaning." *Id.* "Additionally, each term of a contract is construed to avoid rendering other terms meaningless." *Id.* "A construction that attributes a reasonable meaning to all the provisions of the agreement is preferred to one that leaves some of the provisions without function or sense." *Id.*

The "No Assignability" clause at issue here plainly was not intended to be applied to the Lessor. Instead, a common-sense interpretation of this provision is that it limits the *Lessee* from assignment or subletting the Property without Lessor's consent. Moreover, the meaning of this provision is confirmed when construed in conjunction with other terms set forth in the Lease.

In subsection A of paragraph 29, the "Miscellaneous" provision provides that "The words Lessor and Lessee as used herein . . . shall include all *assignees* of Lessor and all assignees of Lessee with consent of Lessor." (Emphasis added). By including all assignees of the Lessor in the definition, this clause makes it clear the Lessor may assign its interest in the Lease. It also confirms that the Lessee may not assign its interest without Lessor's consent. This clause would be rendered meaningless and without function if Lessor was also subject to the restriction on assignment under paragraph 4.

Because we construe the terms of a contract as a whole to determine the intent of the parties, we must read the "No Assignability" provision in conjunction with the "Miscellaneous" provision. Thus, in paragraph 4, we find the parties intended the Lease to be assignable by Lessor. Accordingly, we find the trial court's judgment was a misapplication of the law.[2]

---

[2] Moreover, we note that before trial, the court *overruled* Defendants' motion to dismiss P & J's Petition based upon Defendants' contention that P & J lacked standing as the Lease was not assignable under paragraph 4. The court did not specifically find the Lease was assignable, but instead required P & J to submit a General Warranty Deed to establish the recording status of the Property as proof of assignment.

9

Furthermore, we find the record provides evidence the Boviers assigned their interest in the Lease to P & J. Assignment is accomplished when it appears from the circumstances an intention of one side to assign and an intention of another side to receive. *Barker v. Danner*, 903 S.W.2d 950, 956 (Mo. App. W.D. 1995). After P & J was formed, the Boviers conveyed their interest in the Property to P & J through a General Warranty Deed. The General Warranty Deed indicated "all rights and appurtenances" belonging to the Boviers were transferred to P & J. In acknowledgment of this transfer, in October 2011, Defendants paid their rent check to P & J, not the Boviers. Thus, the record provides evidence the Boviers transferred their interest in the Property and Lease to P & J.[3] Accordingly, P & J has a justiciable interest in the subject matter of the action and, therefore, has standing.

Thus, we find the trial court erred in entering judgment in favor of Defendants Zheng and Feng as to Count I of P & J's Petition. Point III is granted. Because P & J's third point is dispositive, Points I and II, challenging the trial court's judgment under the remaining prongs of *Murphy v Carron*, are not addressed. We reverse the trial court's judgment as to Count I and remand for determination of P & J's breach of contract claim against Defendants Zheng and Feng.

## VI. CONCLUSION

Because their brief fails to comply with the requirements of Rule 84.04, we grant P & J's motion to strike Defendants' brief and dismiss Defendants' appeal. P & J also filed a motion to

---

[3] Defendants argue, under *Investors Alliance LLC v. Bordeaux*, 482 S.W.3d 693 (Mo. App. E. D. 2014), that P & J does not have standing as it did not provide adequate and timely notice to Defendants that the Lease had been assigned by the Boviers. *Investors Reliance* is clearly distinguishable from the instant matter. *Investors Reliance* was an action for the recovery of unpaid rent pursuant to §535.081 RSMo (2000), where the court found a purchaser of leased property must provide adequate and timely notice of the property's transfer of ownership *to recover rents*. *Investors Alliance*, 482 S.W.3d at 697. The claim at issue here is a common law claim for damages based upon Defendants' breach of the Lease terms.

strike Points II and V of Defendants' brief, which is moot in light of our dismissal of Defendant's appeal. We reverse the judgment on Count I in Defendants Zheng and Feng's favor. This case is remanded for further proceedings in accordance with this opinion.

_____
Angela T. Quigless, Judge

Philip M. Hess, P.J., and
Gary M. Gaertner, Jr, J., Concurs.