

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| T.G., | ) | No. ED109977 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| v. | ) | |
| | ) | Honorable John R. Lasater |
| D.W.H., | ) | |
| | ) | |
| Appellant. | ) | Filed: June 14, 2022 |

D.W.H. appeals the judgment and order of protection entered by the circuit court in favor of T.G. We dismiss the appeal for failure to comply with the appellate briefing standards of Missouri Supreme Court Rule 84.04.

## *Factual Background*

This appeal stems from an altercation at a construction site. T.G. was at the site to inspect the work of a contractor. While there, D.W.H. attacked T.G. from behind, striking him in the head. D.W.H. and T.G. did not know one another. T.G. was not inspecting D.W.H.'s work, and did nothing to provoke the attack. One or two days later, D.W.H. contacted T.G. via cellphone, and threatened T.G.

T.G. petitioned the court for an adult stalking order of protection against D.W.H. The circuit court entered an *ex parte* order of protection on July 22, 2021, and set the matter for a hearing on August 9, 2021.

The St. Charles County Sheriff's Department served D.W.H. with the *ex parte* order of protection on August 2, 2021. D.W.H. admits that he was served with the order. Despite the date and time of hearing being clearly printed on the *ex parte* order – in bold lettering – D.W.H. did not appear at the August 9th hearing.[1] T.G. appeared and testified at that hearing. The circuit court entered judgment, granting T.G. a full order of protection against D.W.H., effective until August 9, 2022.

Nine days later, D.W.H. filed a "Motion for Continuance," which title he amended two days later to a "Motion for Rehearing." D.W.H. asserted he did not know the court date was set for August 9, and thus he missed the hearing, because he was not represented by counsel, because he had limited access to Casenet, and because no court date appeared on the face of the *ex parte* order of protection. D.W.H. requested the circuit court to set the matter for rehearing so that he would have an opportunity to present a defense to the court.

The circuit court held a hearing on D.W.H.'s motion on September 20, 2021. D.W.H. appeared by counsel only.[2] At the conclusion of the proceedings, the circuit court denied D.W.H.'s motion, explaining that the motion "does not state grounds to set aside the full order nor grant a rehearing." The court also noted that "the *ex parte* issued by the court had the court date and time on its face."

### *Discussion*

Rule 84.04 sets forth the requirements for appellate briefing. *Murphree v. Lakeshore Estates, LLC*, 636 S.W.3d 622, 623 (Mo. App. E.D. 2021). Compliance with Rule 84.04 is

---

[1] The first page of the Ex Parte Order of Protection included the following statement:

The hearing of this cause will be in RM. 286 NORTH, DIV 38 of the Circuit Court of St. Louis County, in Clayton, Missouri, at **01:30 PM** on **09-AUG-2021**.

[2] If this proceeding was recorded, and a transcript made, it was not provided to the Court. Rule 81.12 specifies the record that must be provided by an appellant on appeal and imposes upon an appellant the duty to file the transcript and prepare a legal file so that the record contains all evidence necessary to make determinations on the issues raised.

mandatory. *Id*. An appellant must adhere to the rules of appellate procedure in order for this Court to review the appeal. *Id*. at 623-24. "Rule 84.04 is not merely designed to enforce hyper-technical procedures or to burden the parties on appeal." *Hendrix v. City of St. Louis*, 636 S.W.3d 889, 896 (Mo. App. E.D. 2021) (internal quotation omitted); *Murphree*, 636 S.W.3d at 624. There is both sound policy and purpose for Rule 84.04 in facilitating appellate review. *Thornton v. City of Kirkwood*, 161 S.W.3d 916, 919 (Mo. App. E.D. 2005). Compliance with the rule "ensures that the opposing party is adequately informed of the precise matters in contention and informs this Court of the issues for review." *Murphree*, 636 S.W.3d at 624. "This permits this Court to conduct a meaningful review of the issues before it and ensures that opposing positions will have adequate representation, which is essential to our adversary system." *Id*. Compliance is also mandatory to ensure that this Court retains its role as a neutral arbiter, and to ensure this Court does not become an advocate for the appellant. *Id*.; *Hendrix*, 636 S.W.3d at 896; *Thornton,* 161 S.W.3d at 919. Failure to comply with the mandates of Rule 84.04 results in unpreserved allegations of error and constitutes grounds for dismissal of the appeal. *See, e.g., Johnson v. Buffalo Lodging Assocs.*, 300 S.W.3d 580, 582 (Mo. App. E.D. 2009); *Michaud Mitigation, Inc. v. Beckett*, 635 S.W3d 867, 870 (Mo. App. E.D. 2021); *Burgan v. Newman*, 618 S.W.3d 712 (Mo. App. E.D. 2021).

D.W.H.'s brief violates Rule 84.04 in several respects. In particular, his brief violates Rules 84.04(c), 84.04(d), and 84.04(e), which govern the requirements of an appellant's statement of facts, the points relied on, and the argument portion of the brief, respectively. "When faced with a defective brief, an appellate court should not become the appellant's advocate by ferreting out facts, reconstructing points, and deciphering arguments." *Finnical v. Finnical*, 81 S.W.3d 554, 560 (Mo. App. W.D. 2002). That is the responsibility of the parties and not the function of an

appellate court." *Id*. We cannot reach the merits of this appeal without impermissibly assuming the role of advocate for D.W.H.

### D.W.H.'s Statement of Facts

Rule 84.04(a)(3) requires each appellant's brief to contain a statement of facts. Rule 84.04(c) requires the statement of facts to be a "fair and concise statement of the facts relevant to the questions presented for determination without argument." "The primary purpose of the statement of facts is to afford an immediate accurate, complete and unbiased understanding of the facts of the case." *Blanks v. Fluor Corp.*, 450 S.W.3d 308, 324 n.1 (Mo. App. E.D. 2014); *Finnical*, 81 S.W.3d at 558. D.W.H.'s statement violates the rule's requirements and falls woefully short of fulfilling its essential purpose.

D.W.H. presents a statement of the facts from his point of view, while omitting and misrepresenting facts supporting the judgment. An appellant must provide the facts in the light most favorable to the judgment, not simply recount appellant's version of the facts. *Blanks*, 450 S.W.3d at 324 n.1. This D.W.H. has not done. For example, he states that the "record is unclear as to what transpired" between he and T.G., but that they "began to physically fight." D.W.H. did not appear at the August hearing in this case. If a transcript or recording was made of the September hearing, D.W.H. did not provide this Court with a copy. Thus, the only evidence in the record before us is T.G.'s testimony from the August hearing. T.G. clearly testified that D.W.H. attacked him from behind, striking him in the head. D.W.H. omits this fact. D.W.H. also blatantly states in his fact statement that the date of the hearing was not written on the face of the of the *ex parte* order of protection, when it clearly was. D.W.H. also fails to recite the part of the circuit court's order denying his motion for rehearing, wherein the circuit court noted that the *ex parte* order had the court date and time on its face. Further, D.W.H.'s fact statement is impermissibly

4

replete with argument. He spends much of his fact statement setting out his argument and reasons for why he did not appear at the August hearing. In doing so, he impermissibly and repeatedly references matters outside the record on appeal. An appellant's statement of facts violates Rule 84.04(c) when it "gives a distorted and unbalanced view of the evidence by emphasizing facts favorable to the appellant and excluding relevant facts favorable to the opposing party." *Wille v. Curators of Univ. of Mo.*, 627 S.W.3d 56, 59 n.1 (Mo. App. E.D. 2021); *Blanks*, 450 S.W.3d at 324 n.1.

Rule 84.04(c) also requires that "[a]ll statements of facts shall have specific page references to the relevant portion of the record on appeal…." D.W.H. failed to support each of his factual statements with citations to the record on appeal. "Specific relevant cites to the record are mandatory and essential for the effective functioning of appellate courts because courts cannot spend time searching the record to determine if factual assertions in the brief are supported by the record." *E.K.H.-G. v. R.C.*, 613 S.W.3d 449, 452 (Mo. App. E.D. 2020)(quotation omitted).

D.W.H.'s statement of facts does not comply with Rule 84.04(c). D.W.H.'s violations of Rule 84.04(c) alone warrant dismissal of this appeal. *Johnson*, 300 S.W.3d at 581; *Finnical*, 81 S.W.3d at 559.

### *D.W.H.'s Point Relied On*

D.W.H.'s Point Relied On does not comply with Rule 84.04(d). Rule 84.04(d)(1) mandates that each Point Relied On must: "(A) Identify the trial court ruling or action that the appellant challenges; (B) State concisely the legal reasons for the appellant's claim of reversible error; and (C) Explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." The rule further mandates that the point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action*], because [*state*

5

*the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*]."

Given this template is specifically provided, appellants "simply have no excuse for failing to submit adequate points relied on." *Murphree*, 636 S.W.3d at 624; *Bennett v. Taylor*, 615 S.W.3d 96, 99 (Mo. App. E.D. 2020). D.W.H nonetheless failed to draft a point in compliance with the rule's mandates. D.W.H.'s point reads in full:

> The trial court erred in granting a Full Order of Protection against Appellant, the full order of protection was not supported by the preponderance of the evidence, additionally the evidence fails to meet the criteria of stalking set out in Section 455.020.1 of Missouri Revised Statutes.

Though D.W.H. identifies the ruling challenged, and the legal reasons for the claim of reversible error, he failed to state the "in that" requirement of the rule - why those legal reasons constituted reversible error in the context of the case. As such, his point is nothing more than abstract statements of law, which fails to satisfy the requirements of a proper point relied on. *Finnical*, 81 S.W.3d at 559. Consequently, his point preserves nothing for appellate review. *Id*. This Court has no duty to review the argument portion of D.W.H.'s brief to ascertain his contentions. *Mello v. Williams*, 73 S.W.3d 681, 685 (Mo. App. E.D. 2002)(citing *Sch. Servs. of Mo., Inc. v. Caton*, 419 S.W.2d 954, 956 (Mo. App. 1967)); *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. 1978). "[M]uch more is at stake than a waste of judicial time…." *Thummel*, 570 S.W.2d at 686. The more invidious problem is that the court may interpret the thrust of the contention differently than D.W.H. intended. *Id*.

D.W.H's point is also deficient for failing to allege a ground upon which we can reverse and provide him relief. "An appellant's point relied on defines the scope of appellate review." *Barnett v. Columbia Maint. Co.*, 632 S.W.3d 396, 409 (Mo. App. E.D. 2021). D.W.H. alleges in his point that the circuit court's full order of protection was not supported by the "preponderance"

6

of the evidence. "Preponderance of the evidence" is not one of the grounds on which we would or can reverse. As D.W.H. notes, our review in this case would be pursuant to the standards set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *R.K. v. Kelly*, 630 S.W.3d 904, 908 (Mo. App. W.D. 2021). Under those standards, we can reverse a court's judgment in only three instances: (1) where there is no substantial evidence to support the judgment; (2) where the judgment is against the weight of the evidence; or (3) where the judgment erroneously declares or applies the law. *Murphy*, 536 S.W.2d at 32. "If a point on appeal fails to identify which one of the *Murphy* grounds applies, Rule 84.04 directs us to dismiss the point." *Ebert v. Ebert*, 627 S.W.3d 571, 580 (Mo. App. E.D. 2021). We suppose D.W.H. could have actually meant that the judgment was not supported by substantial evidence, or that the judgment was against the weight of the evidence. But we are left to guess which one. We cannot speculate and craft D.W.H.'s allegation of error. Each *Murphy* standard is proved differently from the others and is subject to different principles and procedures of appellate review. *Id*. To speculate here would not only make us an advocate for D.W.H., but would also run the risk of interpreting his contention differently than he intended.

Moreover, preponderance of the evidence is "that degree of evidence that is of greater weight or more convincing than the evidence which is offered in opposition to it; that is, evidence which as a whole shows the fact to be proved to be more probable than not." *Raisher v. Dir. of Rev.*, 276 S.W.3d 362, 365 (Mo. App. W.D. 2009). Preponderance of the evidence, as going towards the weight of the evidence, necessarily implies that there is evidence. And, as we have noted, the only evidence in this case is the testimony of T.G. We fail to see how the circuit court could err in ruling that the only evidence presented was against the preponderance of the evidence.

D.W.H.'s point is also deficient under Rule 84.04(d) because it is impermissibly multifarious. A point relied on is multifarious and violates Rule 84.04(d) when it groups together multiple, independent claims rather than a single claim of error. *Sanders v. City of Columbia*, 602 S.W.3d 288, 297 (Mo. App. W.D. 2020). Put simply, consolidating multiple points of error into a single point is not permitted. A multifarious point constitutes grounds for dismissal. *Mello*, 73 S.W.3d at 686. D.W.H. complains of the evidence and also alleges an erroneous application of law. These are two, independent claims. A challenge that the circuit court's judgment is not supported by substantial evidence or that a judgment is against the weight of the evidence, is each different from a claim that the circuit court erroneously declared or applied the law.[3] *Ebert*, 627 S.W.3d at 580. "Accordingly, just as failing to identify which one of the *Murphy* grounds supports a claim of reversible error violates Rule 84.04(d), and warrants dismissal, a single point that alleges the trial court erred ***under more than one*** of the *Murphy* standards raises a multifarious point that violates Rule 84.04(d)(1) and preserves nothing for review." *Id.* (Emphasis in original).

D.W.H's point is additionally deficient under Rule 84.04(d) for failing to comply with the requirement that "[i]mmediately following each 'Point Relied On,' the appellant … shall include a list of cases, not to exceed four, and the constitutional, statutory, and regulatory provisions or other authority upon which that party principally relies." Rule 84.04(d)(5). D.W.H. did not include any such list of authorities following his Point Relied On, leaving this Court to speculate as to the pertinent authority. *Murphree*, 636 S.W.3d at 625.

"When confronted with a deficient point relied on, it is not proper for this Court to speculate as to the point being raised and supporting legal justification because to do so would place the court in the role of an advocate for the appellant." *Michaud*, 635 S.W.3d at 870. D.W.H.'s point

---

[3] Presuming, of course, that D.W.H. meant to raise one of the Murphy evidentiary grounds of review.

8

fails to substantially comply with Rule 84.04(d). The point thus preserves nothing for review, and constitutes grounds for dismissal of the appeal. *See, e.g., Id.*; *Finnical*, 81 S.W.3d at 559; *Johnson*, 300 S.W.3d at 582.

### *D.W.H.'s Argument*

Lastly, D.W.H.'s argument does not comply with Rule 84.04(e). Rule 84.04(e) requires, in part, that "[f]or each claim of error, the argument shall also include a concise statement describing whether the error was preserved for appellate review; if so, how it was preserved…." This information is essential to this Court's review of the case. *Murphree*, 636 S.W.3d at 625. D.W.H. failed to provide any such preservation statement. Additionally, Rule 84.04(e), like Rule 84.04(c), requires that "[a]ll factual assertions in the argument shall have specific page references to the relevant portion of the record on appeal…." As he did in his statement of facts, D.WH. failed to support each of the factual statements in the argument portion of his brief with citations to the record on appeal. "It is not our duty to supplement the deficient brief with our own research, thus noncompliance with Rule 84.04(e) justifies dismissal." *Id.*

### *Conclusion*

Due to D.W.H.'s failure to substantially comply with Rule 84.04, we dismiss his appeal. Though we prefer to dispose of a case on the merits whenever possible, if the deficiencies in the brief are such that no claims are preserved for appellate review, then we must dismiss the appeal. *Hamilton v. Archer*, 545 S.W.3d 377, 379 (Mo. App. E.D. 2018). D.W.H. has not preserved his claim for appellate review, and to review his appeal would require us to become his advocate. This we cannot do. *Burgan*, 618 S.W.3d at 716. Appeal Dismissed.

_____

Angela T. Quigless, Judge

Philip M. Hess, P.J. and
Colleen Dolan, J., concur.